**Succession of BICKHAM.**

**Opposition of BUTLER.**

**No. 2139.**

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1940.

Argued before LE BLANC and OTT, JJ., and GUY V. RICH, Judge ad hoc.

Ponder & Ponder, of Amite, for appellant.

Theodore H. McGiehan, of New Orleans, for appellee.

OTT, Judge.

The opponent, Cassie Daniels Butler, took an appeal from a judgment which dismissed her opposition to the final account of the administrator. The appeal was made returnable to this court on July 25, 1939, and the appeal bond was filed and the filing fee for the appeal was deposited with the district clerk before the return day of the appeal.

The transcript was not filed in this court until September 12, 1939, more than a month after the return date. A motion has been filed in this court to dismiss the appeal for failure to file the transcript in time.

Considerable confusion has arisen on the question as to the dismissal of an appeal in the courts of appeal for a failure to file the transcript on or before the return date, or within the usual three days of grace. This confusion has arisen from the apparent conflict in the rules and decisions of the courts of appeal. This confusion and conflict is discussed at length in the case of Woodward v. Blair et al., 197 So. 920, this day decided by us, and it is unnecessary to repeat here what is said in that case.

Rule 3 of this court relative to filing of transcripts of appeal (printed in the back of 11 La.App. following page 768) requires the appellant to cause the transcript to be filed with the clerk of this court within the time fixed for the return of the appeal. This rule was adopted in accordance with Articles 587 and 588 of the Code of Practice, which place the responsibility for filing the transcript in the appellate court on the appellant, and declare what course the appellee may pursue in case the appellant fails to file the transcript within the time fixed for the return of the appeal. The Supreme Court of the State has consistently held that where an appeal has been taken and a bond filed the failure of the appellant to file the transcript on or before the return date constitutes an abandonment of the appeal.

Article 7, Section 27, of the Constitution provides that all cases on appeal to the courts of appeal shall be tried on the original record, pleadings and evidence, and the rules of practice regulating appeals to and proceedings in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, so far as they may be applicable, until otherwise provided. Act 32 of 1910, Dart's Stat. § 1333, requires the district clerks throughout the State (Parish of Orleans excepted) to transmit to the clerk of the court of appeal the deposit made with them for the cost of the appeal, together with the record in the appeal case. And Act 89 of 1914, Dart's Stat. § 1446, places the custody, handling and transmission of the records in cases argued and submitted in this court in the hands of the district clerks and the clerk serving as such for this court.

From these constitutional and statutory provisions it has been determined that the custody of the original record and its filing in the court of appeal rests with and is the responsibility of the clerk of the district court. Stockbridge v. Martin et al., 162 La. 601, 110 So. 828; Vinyard v. Stassi, La. App., 152 So. 161; Twin City Motor Co., Inc. v. Pettit et al., La.App., 177 So. 814.

In order to clarify this matter and with the view of adopting a rule for this court to follow in passing on this motion and all subsequent motions to dismiss the appeal based on a failure to file the original record in this court on or before the return date, we now make the following decision and lay down the following rule:

Where the appellant secures an order of appeal, files his bond and deposits the necessary filing fee for the appeal with the clerk of the district court from which the appeal is taken, it then becomes the duty of the clerk of the district court to transmit the original record in the case, together with a part of the filing fee, to the clerk of the court of appeal, and in the absence of some showing to the effect that a failure to file the transcript in time is due to some fault on the part of the appellant or his attorney, the appeal will not be dismissed for a failure of the clerk of the district court to file the transcript on or before the return day of the appeal.

As there is nothing to show that the failure to file the transcript on the

return date in this case was due to any fault of the appellant or his attorney, in accordance with the above rule, we must and do hereby overrule the motion to dismiss the appeal in this case.

### On the Merits.

GUY V. RICH, Judge ad hoc.

This is an appeal from a judgment of the Twenty-First Judicial District Court for Tangipahoa Parish, rejecting the opposition of Cassie Daniels, designated in the judgment as Cassie Daniels Butler, to the final account filed by George Alexander Bickham, administrator of the Succession of Isaiah Bickham, deceased.

The record shows that the Succession of Isaiah Bickham was opened on the 29th of March, 1934, by a petition of Louisa Dunbar Bickham, surviving spouse of the deceased, Isaiah Bickham, praying that an inventory of the property belonging to said estate be made and that she be recognized as the surviving spouse in necessitous circumstances and as such entitled to the widow's homestead of One Thousand ($1,-000) Dollars. This proceeding bore No. 701 on the Probate Docket of said court. There was judgment on the 29th of March, 1934, recognizing the petitioner as the surviving widow in necessitous circumstances of the decedent and decreeing that she be paid out of his estate the sum of One Thousand ($1,000) Dollars with preference and priority over all persons whosoever, with the exception of a creditor holding a vendor's lien, if any, and the cost of the proceedings. No further action was taken in the Succession until 1938, at which time George Alexander Bickham filed a petition with the court in the Succession of Isaiah Bickham, to which was assigned Docket No. 991, in which he sought appointment as administrator of said Succession. After due proceedings had, he was appointed administrator of said Succession and letters of administration issued to him as such. The administrator then secured an order by appropriate proceedings for the sale of the real estate belonging to the Succession, for the purpose of realizing sufficient funds to pay the debts and charges operative against it. The real estate sold for the sum of Six Hundred, Twenty-Five and no/100 ($625) Dollars. Thereupon, the administrator presented his final account, due notice of the filing of which was published according to law. After listing the debts in order of preference, the account provided for the payment of Four Hundred, Sixty-Nine and 85/100 ($469.85) Dollars to Louisa Dunbar Bickham, as surviving widow in necessitous circumstances of Isaiah Bickham, deceased. It is this item which is opposed by Cassie Daniels Butler. In her opposition, opponent alleges that she is the judgment creditor of Louisa Dunbar Bickham and George Bickham; that she had caused a writ of fieri facias to issue, under which was seized any and all interest that the said Louisa Dunbar Bickham might have in this Succession.

While the writ of fieri facias alleged to have been issued is not a part of the record, inasmuch as its issuance and the consequent levy thereunder is not denied, we will for the purpose of this opinion consider that the interest of Louisa Dunbar Bickham, as surviving widow in necessitous circumstances of Isaiah Bickham, deceased, was seized under said writ. Assuming said seizure to have been made, as we have done, the question presented to the court for decision is whether the amount thus proposed to be paid to the widow in necessitous circumstances can be subjected to seizure by her creditor.

Article 3252 of the Revised Civil Code of Louisiana provides that: "Whenever the widow or minor children of a deceased person shall be left in necessitous circumstances, and not possess in their own rights property to the amount of one thousand dollars, the widow or the legal representatives of the children, shall be entitled to demand and receive from the succession of the deceased husband or father, a sum which added to the amount of property owned by them, or either of them, in their own right, will make up the sum of one thousand dollars, and which amount shall be paid in preference to all other debts, except those secured by the vendor's privilege on both movables and immovables, conventional mortgages, and expenses incurred in selling the property. The surviving widow shall have and enjoy the usufruct of the amount so received from her deceased husband's succession, during her widowhood, which amount shall afterwards vest in and belong to the children or other descendants of the deceased husband."

It is clear that Art. 3252 vests in the widow in necessitous circumstances only the usufruct of the amount received by her from her deceased husband's estate, and that only during her widowhood. Franek v. Brewster, 141 La. 1031, 76 So. 187;

Johnson v. Bolt, La.App., 146 So. 375; Arts. 533, 535, 536, and 549, R. C. C. The usufruct granted by Article 3252 is an imperfect usufruct, and there rests upon the usufructuary the obligation to account to the "children or other descendants of the deceased husband" at the termination of the usufruct. Arts. 536 and 549, R. C. C.; Johnson v. Bolt, supra. That the subject of the usufruct is money is of no moment, as it is well established that money may be the subject of an imperfect usufruct. Gryder's Heirs v. Gryder, 37 La.Ann. 638; In re Jones, 41 La.Ann. 620, 6 So. 180; Succession of Block, 137 La. 302, 68 So. 618.

We do not find that the allowance for the widow in necessitous circumstances has been exempted from seizure at the hands of her creditors by direct and positive statutory provision. Therefore in order to decide the question presented to us in this case is becomes necessary to examine the statute granting the allowance to ascertain the legislative intent. In interpreting article 3252 the Court of Appeal, Second Circuit, in the case of Johnson v. Bolt, supra, declared that the right granted by the Code is not one of inheritance, but simply is in the nature of a gratuity, designed to provide a homestead or subsistence to those whose condition brings them within the beneficent provisions of the statute. Obviously such was the intent of the statute. To be entitled to the allowance from her husband's estate a widow must be in necessitous circumstances. She must be able to establish this fact by competent evidence. When she has done so then she is entitled as a matter of right to demand and receive from her deceased husband's estate an amount which added to the amount of property owned by her will make up the sum of one thousand dollars. The law is thus providing for the needs of the impoverished beneficiaries therein designated and for the evident purpose of securing them against want at least to the limited extent of the provision made for them. There could be no other reasonable explanation for the provisions of the statute entitling the widow who has proven her necessitous circumstances to demand and receive this sum in preference to all creditors of the deceased husband except those holding vendor's privileges and conventional mortgages. The statute does by its express language exempt the widow's homestead from seizure at the hands of the creditors of the husband, with the exceptions therein enumerated. This is conclusive evidence to us that it was the intention of the law maker that a widow in necessitous circumstances should be secured in the allowance provided for her. To hold otherwise would be to defeat the fundamental purpose of the law and nullify the intent of the makers of the law. It would be an anomalous situation indeed if the law were to permit creditors of the widow to seize the same funds payable to her from the estate of her deceased husband which it expressly declares the creditors of her said husband may not seize. Certainly the creditors of the deceased should be preferred to those of the beneficiary of his estate. And if the widow's homestead is exempt from seizure at their hands we fail to understand why it should not be likewise exempt from seizure at the hands of the creditors of the widow. We cannot comprehend any process of reasoning which would lead to a different conclusion. In Johnson v. Bolt, supra, the Court of Appeal for the Second Circuit, passed upon the identical question presented to us in this case and held that the allowance to a widow in necessitous circumstances was not subject to seizure by her creditors. We concur in that opinion.

For the reasons herein set forth, it is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed, opponent to pay the costs of her opposition and of this appeal.