The plaintiff, Sarah B. Osborne, filed a suit against the Mossler Acceptance Corporation and the Sheriff of Vernon Parish to recover the sum of $5,500 as damages which she claims resulted to her because of the illegal and invalid seizure by the said Sheriff of a house trailer occupied by her *Page 656 
and her husband and their two children. She alleges that the seizure was made under an illegal executory proceeding instituted by the said Acceptance Corporation against her husband, which seizure was finally decreed to be illegal by this court in accordance with the opinion reported in La. App.14 So.2d 492; that the Sheriff or his deputies, accompanied by a representative of the said Acceptance Corporation, in the absence of her husband, came to the place where the house trailer was parked and moved the trailer, dispossessed her and her children, and removed the furniture and household effects from the trailer; that the seizure was made in the day time and in the presence of a large number of her acquaintances, all of which caused her great embarrassment, humiliation, mental shock and emotional disturbances; that she was in poor health at the time said illegal seizure was made, and she was greatly shocked and her nervous condition was aggravated and her physical condition was made worse. Her claim for damages is based on the humiliation, mental pain and suffering and physical disabilities which she claims were caused by the said illegal seizure.
The other plaintiff, Thelbert E. Osborne, the husband of Sarah Osborne, in a separate suit, claims damages against the same defendants on account of the said illegal seizure in the sum of $6733.90 made up of various items, including humiliation and mental pain and suffering, medical expenses for attention to his wife, loss of time, damage to the trailer and certain household effects, rent paid for a place for himself and family while the trailer was under seizure, attorneys fees in having the illegal seizure set aside, and other items of damage not necessary to mention.
The defendant, Acceptance Corporation, filed an answer admitting the seizure of the house trailer and also admitting that the seizure was held to be illegal, but it alleged that the seizure was made under a note and chattel mortgage executed by said Thelbert E. Osborne in the State of Texas on which there is a balance due of $1363.50, interest and attorneys fees, and reconvened against Osborne and asked for a judgment against him for the amount of said note, interest and attorneys fees, with recognition of its lien and privilege under the chattel mortgage. The defendant also urged against this plaintiff a plea of estoppel against his claim for damages by reason of certain provisions in the chattel mortgage giving the holder of the note the right to take possession of the trailer without any legal proceedings in case default was made in the payment of the note.
The cases were consolidated for the purpose of trial and a judgment was rendered in favor of Thelbert E. Osborne and against the Acceptance Corporation for damages for the illegal seizure of the trailer in the sum of $410.75, and the plea of estoppel filed by this defendant was overruled. There was judgment in favor of the Acceptance Corporation against this plaintiff on the reconventional demand for the sum of $1363.50, with 10% per annum interest and 15% attorneys fees, and the lien and privilege of the said defendant was recognized on the trailer, the amount of the judgment in favor of the plaintiff to be allowed as an off-set against the judgment in favor of the defendant on the reconventional demand. The suit of Sarah B. Osborne was dismissed. The plaintiffs took separate appeals from the judgments.
The Acceptance Corporation filed a motion in this court to dismiss both appeals. This motion is based on the ground that the return date of the appeals was fixed for October 1, 1945, and the transcript was not filed in this court for more than thirty days after the return day; that the failure to file the transcript was due to the failure of the appellants to advance the filing fees required by law; that appellants had notice from the clerk of the district court two or three weeks before the return date that the record was ready for filing, and the amount of filing fees necessary, but that the fees were not advanced until more than thirty days after the return date. A certificate of the clerk of the district court is filed in the record showing that he notified counsel for appellants on September 21, 1945, that the transcript was ready for filing in the Court of Appeal and sent a bill to the attorney for the cost of preparing the transcript in the two cases on which bill was a notation to the effect that the appeals were returnable on October 1, 1945; that he did not receive the filing fees until November 10th, more than a month after the return date; that he immediately forwarded the record to the Court of Appeal on receiving the filing fees.
[1] Before discussing this motion to dismiss, it might be well to state that the claim of each of these plaintiffs is far in excess of the jurisdiction of this court, and these claims do not involve physical injuries. *Page 657 
On the face of the record, we would have the right to dismiss the appeals on our own motion or transfer them to the Supreme Court, but for the fact that the claims are obviously inflated and a good part of each is fictitious. Under no reasonable theory could either claimant recover an amount above the jurisdiction of this court, as the attorneys on both sides seem to concede. Under these circumstances, we will consider the motion to dismiss the appeals on the grounds set out in the motion.
[2] In the Succession of Bickham, La. App., 197 So. 924, 925, we undertook to lay down a rule for this court to follow in regard to the failure of the district clerk to file the transcript on or before the return day, and there said:
"Where the appellant secures an order of appeal, files his bond and deposits the necessary filing fee for the appeal with the clerk of the district court from which the appeal is taken, it then becomes the duty of the clerk of the district court to transmit the original record in the case, together with a part of the filing fee, to the clerk of the court of appeal, and in the absence of some showing to the effect that a failure to file the transcript in time is due to some fault on the part of the appellant or his attorney, the appeal will not be dismissed for a failure of the clerk of the district court to file the transcript on or before the return day of the appeal."
[3] In the present case, it is shown that the failure of the district clerk to file the transcript in time was due to his failure to receive the necessary filing fees. Regardless of the duty or the right of the district clerk to hold the record until he receives the filing fees, it cannot be questioned that the appellant must deposit the filing fees either with the district clerk or the clerk of this court before an appeal can be filed in this court, except appeals in pauper suits. The appellants do not claim to have deposited the fee with the clerk of this court before the transcript was transmitted to this court by the district clerk. So that it is obvious that if the district clerk had sent up the record to this court before the return date, the appeals would not have been filed in this court on the return date as it is not claimed that the filing fees were deposited with the clerk of this court in time to save the appeals.
Act No. 32 of 1910 requires the clerks of the district courts (except in the Parish of Orleans) to transmit to the clerk of the court of appeal the advance deposit made with them, together with the record, and Section 3 of Act No. 53 of 1926 provides that the deposit of $5 required to be paid for the cost of appeal shall be apportioned and disbursed by the clerks of the courts of appeal in such manner as the courts may direct.
[4] It is almost the universal practice in taking appeals to this court (and we think the proper practice) for the appellant to deposit the filing fee with the district clerk after he has perfected his appeal. It then becomes the duty of the district clerk to file the transcript in this court, and if he fails to do so before the time for filing expires, the fault is not imputable to the appellant, and the return date is automatically extended until the transcript is filed. See Varnell v. Babin, La. App. 13 So.2d 495; Danna v. Yazoo M. V. R. Co., La. App., 154 So. 365.
Separate decrees will be entered dismissing the appeal in each of the above cases.