29 So.2d 58

### OSBORNE v. MOSSLER ACCEPTANCE CORPORATION et al.

#### No. 38191.

Dec. 13, 1946.

J. S. Pickett, of Many, for plaintiff, relator.

Sidney I. Foster, of Leesville, for defendant, appellee.

HAMITER, Justice.

Writs of certiorari were issued in this cause and also in the companion case of

Osborne v. Mossler Acceptance Corporation et al., 29 So.2d 60, Numbered 38,192 on the docket of this court, to permit a review of the judgments of the Court of Appeal, First Circuit, 24 So.2d 655, which dismissed the appeals of the plaintiffs to that court.

Each suit has for its purpose the recovery of damages for the wrongful seizure of a house trailer owned by the plaintiffs, and both are sequels to a previous proceeding instituted by the Mossler Acceptance Corporation against the plaintiff husband in which executory process was improperly issued (insufficiency of authentic evidence) in the foreclosure of a mortgage on the trailer. See La.App., 14 So.2d 492.

From the judgment of the district court in the present cases, plaintiffs were granted separate appeals to the Court of Appeal, First Circuit, the return date being fixed for October 1, 1945. Within the time permitted by law the necessary bonds were filed and the appeals perfected. The records for the appeals were completed by the Clerk of the District Court on September 21, 1945, and on that date he mailed to plaintiffs' attorney a fee bill and requested that the filing fee for the appeals be forwarded to him. Written on the bill was the comment: "These cases returnable Oct. 1, 1945."

On November 10, 1945, or several weeks after the return date, the Clerk of the District Court received from plaintiffs' attorney a check in payment of the filing fees for the appeals; whereupon he forwarded

the records, together with the fees, to the Court of Appeal for filing.

On November 16, 1945, counsel for the Mossler Acceptance Corporation moved to dismiss the appeals in both cases, he alleging that the records had not been filed in the Court of Appeal until more than thirty days after the return date fixed in the orders of appeal and that no extension of time for filing them had been obtained. Further, he specifically alleged "that the delay and failure to file the record in time was not due to any fault or neglect of the Clerk of the court below. That it was due to the failure of the appellant to advance the filing fee required by law. That the plaintiff, appellant, had notice from the Clerk of the lower court on or about September 10, 1945, that the record was ready, and was furnished a bill at that time showing the amount of the filing fee, and costs of the record. That bill was not paid until very recently, more than 30 days after the return day had lapsed."

The Court of Appeal sustained the motions and dismissed the appeals. Thereafter, on plaintiffs' applications, we granted the writs of certiorari, thereby bringing the rulings before us for consideration.

The cost of appealing a case to the Court of Appeal of the First Circuit shall not exceed $5. Article 7, Section 28 of the Louisiana Constitution of 1921. *Whenever* the the advance deposit for that cost has been made with the Clerk of the District Court he shall transmit it, with the record in the appealed case, to the Clerk of the Court of Appeal. Act 32 of 1910. The deposit shall be apportioned and disbursed by the Clerk of the Court of Appeal in such manner as shall be directed and prescribed by the judges of that court. Section 3 of Act 53 of 1926.

These provisions, particularly Act 32 of 1910, permit a depositing of the cost of the appeal with the Clerk of the District Court, and *whenever* that course is followed it is transmitted to the Clerk of the Court of Appeal. But they do not require the deposit to be so made; nor is there any other provision of law or any rule of court of which we have knowledge (none has been cited to us) containing that requirement. Moreover, it is not incumbent on the appellant to prepare the record and file it with the Court of Appeal; a performance of that duty is for the Clerk of the District Court who is custodian of the original papers making up the record. And the failure of the official to so file it on or before the return day, or within three days thereafter, is not imputable to the appellant; on the contrary there is effected by the tardiness an automatic extension of the return day until the record is actually filed. Stockbridge v. Martin et al., 162 La. 601, 602, 110 So. 828; Twin City Motor Co. v. Pettit et al., La.App., 177 So. 814. From which it follows that a payment of the filing fee to the Clerk of the District Court is not a prerequisite to the sending of the record to the Court of Appeal. Of course, the record will not be filed in the

latter court until its clerk receives the payment.

Since, therefore, the appellants in the cases under consideration were not legally bound to pay the filing fees to the Clerk of the District Court, the failure to send up the records, which automatically extended the return day, was not attributable to them. And as the fees were paid simultaneously with the lodging of the records in the Court of Appeal a timely filing occurred.

The fact that the appellants' attorney forwarded the filing fees to the district court clerk after the expiration of the return day does not warrant the assumption that he would not have paid it to the Clerk of the Court of Appeal if the record had been timely lodged there. It may just as readily be assumed that had the record been timely lodged in the Court of Appeal the attorney would have been informed of that fact by the clerk of such court and would have paid the fee within the time permitted.

The decision in Succession of Bickham, La.App., 197 So. 924, is not in conflict with our conclusion herein. That case is authority only for the proposition that *whenever* an appellant, after perfecting his appeal, pays the filing fee to the District Court Clerk before the return date, the appeal will not be dismissed for failure of such clerk to send up the record in time.

For the reasons assigned the judgment of the Court of Appeal herein is reversed and set aside, the motion to dismiss the appeal is now overruled, and the case is remanded to that court for further proceedings according to law. Defendant shall pay the costs of the proceedings in this court; all other costs shall await the final determination of the litigation.