**39 So.2d 830**

**MANFRE v. CORBELLO et ux.**

**No. 38919.**

March 21, 1949.

Alcide J. Weysham, of New Orleans, for defendants and applicants.

Marion Seeber, of New Orleans, for plaintiff and respondent.

HAWTHORNE, Justice.

A writ of certiorari was granted in this case so that we might review a judgment of the Court of Appeal for the Parish of Orleans which dismissed defendants-appellants' appeal on the ground that it was not timely filed in that court.

Plaintiff-appellee instituted suit in the First City Court of the City of New Orleans for possession of premises leased by her to the defendants from month to month at a rental of $15. The city court rendered judgment for plaintiff as prayed for, and defendants applied for, and were granted, an appeal to the Court of Appeal for the Parish of Orleans, made returnable on or before December 20, 1947. The transcript or record was filed in the Court of Appeal on December 30, whereupon plaintiff-appellee filed a motion in that court to dismiss the appeal, alleging among other grounds that it had not been filed on or before the return day or within three days thereafter. From a judgment dismissing the appeal, appellants applied for, and were granted, a writ by this court.

Under Article 7, Section 91, of the Constitution of this state, the First City Court of the City of New Orleans has exclusive original jurisdiction in all cases when the amount in dispute or the fund to be distributed does not exceed $100 exclusive of interest, including suits by landlords for the possession of leased premises when the monthly rent does not exceed $100, and has concurrent jurisdiction with the Civil District Court for the Parish of Orleans in all suits, except those specifically excepted, when the amount in dispute or the fund to be distributed exceeds $100 but is not more than $300.00 exclusive of interest and penalties.

Since the monthly rent in the instant case is the sum of $15, this suit is one within the exclusive original jurisdiction of the First City Court of the City of New Orleans, and is governed by the general laws in force regulating proceedings before justices of the peace.

The Court of Appeal for the Parish of Orleans in the case of Vallon v. Morris Cleaners & Dyers, Inc., La.App., 167 So. 887, 888, recognized that in appeals to that court from the city courts of suits involving $100 or less, exclusive of interest, the procedure applicable is that of appeals from justice of the peace courts. In that case that court said:

"The amount in dispute in the case at bar involves less than $100, and therefore the general laws now in force regulating the proceedings before justices of the peace are applicable to this case. See Act No. 45 of 1880, § 7, amended and re-enacted by Act No. 22 of 1888, § 1."

The law applicable to the transmission of the record in an appeal from a justice of the peace court is set forth in Article 1135 of the Code of Practice, which provides: "The justice of the peace shall transmit to the office of the clerk of the appellate court on or before the return day an exact copy certified to by him of all the proceedings had in the case, and of his judgment, together with the statement of fact if any has been agreed on by the parties, and of the original citation issued to the appellee, together with the return thereon."

Under the provisions of that article, there is no duty upon the appellant in such a case to prepare the transcript or record and transmit it to the Court of Appeal, as the performance of these acts is by law made the specific duty of the judge of the city court in appeals of cases solely within the exclusive original jurisdiction of that court.

It therefore follows that, if the judge of the city court fails to transmit to the Court of Appeal an exact copy, certified by him, of all the proceedings had in the case, pursuant to the provisions of Article 1135 of the Code of Practice, on or before the return day, such failure in the performance of his duty is not imputable to the appellant, but on the contrary there is effected by such delay an automatic extension of the return day until the record is actually so transmitted to the Court of Appeal.

In Osborne v. Mossler Acceptance Corporation et al., 210 La. 1048, 29 So.2d 58, this court reviewed a judgment of the Court of Appeal, First Circuit, 24 So.2d 655, dismissing an appeal which had not been timely filed in that court. We pointed out that the duty to prepare the record and file it with the Court of Appeal, First Circuit, was that of the clerk of the district court, who was the custodian of the original papers making up the record, and that the failure of that official to file the record on or before the return day was not imputable to the appellant, and, further, that it was not incumbent upon the appellant to prepare the record and file it with the Court of Appeal. Of course, in that case, it was the duty of the clerk of the district court to prepare and transmit the record, while in the instant case the duty to transmit the record to the Court of Appeal for the Parish of Orleans is imposed upon the judge of the city court under the provisions of Act No. 45 of 1880, as amended, and Article 1135 of the Code of Practice.

In the record in the instant case we find a certificate signed by the judge of the First City Court of the City of New Orleans, certifying the record and indicating in the certification that the record was transmitted on the same date on which it was certified. This certificate is dated December 18, 1947, which was prior to the date the appeal was made returnable, that is, December 20, 1947. Although this certificate indicates that the record was trans-

mitted prior to the return day of the appeal, for some reason which the record does not disclose the appeal was not filed with the Court of Appeal until December 30, 1947, some 10 days after it had been made returnable. There is nothing in the record, however, disclosing why it was not filed until December 30. If the delay in filing this appeal was the fault of the appellants, their appeal was properly dismissed—if, for instance, after the transcript was transmitted to the appellate court, the failure timely to file the appeal bond in that court was due to appellants' failure to pay the filing fee as fixed by Act No 63 of 1908 in such cases.

We are unable to determine from the record whether the delay in filing the record in the Court of Appeal was the appellants' fault, or whether it was due to the failure of the judge of the city court to transmit the record to the appellate court on or before the return day. Under these circumstances, we deem it advisable to remand the case to the Court of Appeal so that it may determine this question.

We wish to point out that no argument was made to the Court of Appeal that the duty of filing the transcript was not the appellants'. That argument was made, and the law applicable thereto was cited, for the first time in application to this court for the writ of certiorari.

For the reasons assigned, this case is remanded to the Court of Appeal for the Parish of Orleans, to be proceeded with

according to the views herein expressed; costs of the proceedings in this court to be borne by defendants-appellants.

O'NIELL, C. J., takes no part.