LOTTINGER, Judge.
The law firm of Kay and Kay of DeRidder, Louisiana, seeks to recover in this action attorney fees from the defendant for services rendered in a separation proceeding brought on behalf of the latter’s wife. The former proceeding, which forms the basis of the present suit, was entitled “Mrs. Lela M. Alston vs. Robert F. Alston”, Docket No. 14,357, of the Eleventh Judicial District Court for the Parish of Vernon, and was dismissed after a reconciliation between the parties.
The plaintiff alleges in its petition that the value of the services rendered and expenses incurred were worth the sum of $500, of which amount Mrs. Alston had previously paid the sum of $90. It incorporates by reference as part of its petition the entire record in the separation suit, and alleges that several consultations were had with Mrs. Alston and several trips made from DeRidder to Leesville, the Parish seat.
The principal defense rests upon the allegation made in defendant’s answer that the plaintiff was paid the sum of $100 by Mrs. Alston, which amount is claimed to be more than ample remuneration for the services rendered and expenses incurred. The further allegation is made that the sum of $100 was paid by Mrs. Alston for services and expenses in filing suit and preparing for trial, it having been agreed and made a condition of the terms of employment that in the event of a reconciliation previous to trial on the merits no further fee would be due plaintiff.
The district judge dismissed plaintiff’s suit and it has appealed to this court seeking the amount originally claimed.
The record discloses that the plaintiff received from Mrs. Alston, the sum of $100 (instead of $90 as alleged in the petition) and the only important question of fact presented concerns the agreement alleged by defendant whereby plaintiff was to receive no additional remuneration in the event of reconciliation previous to trial on the merits. The petition in the separation proceeding does not allege any agreement having been made with the wife relative to attorney fees and contains only the averment that the wife should have judgment “against her said husband on the trial hereof in the sum of $500.00 or such other sum as the court may deem proper in the premises as attorney’s fees.”
We think, aside from this, that the record affirmatively shows that no agreement was ever arrived at concerning the *467 ultimate fee or the fee in the event the suit was dismissed previous to trial on the merits. On this point, Mr. Ped C. Kay, the member of plaintiff firm who handled the suit for defendant’s wife, stated very definitely that no discussion was ever had concerning what the fee would amount to in the event of a reconciliation. Further, the testimony of Mrs. Alston herself discloses that no such agreement was ever made. While she did state that it was her “understanding” that the sum of $100 would be sufficient if the case were not tried. In answer to a question by the district judge, she stated that there was never any discussion as to what the fee would be in the event of a reconciliation. In view of our finding that there existed no agreement as to attorney fees in the event of a dismissal of the suit, the only question remaining is that of determining, on the basis of quantum meruit, what additional amount, if any, plaintiff is entitled to. In this connection we will first consider the work done and expenses incurred by the plaintiff firm.
According to Mr. Kay, his firm was employed by Mrs. Alston on or about the 15th of September of 1950 and during a period of about thirty days previous thereto he had had several consultations with her. While the record does not disclose the exact number of consultations which were held during this period, according to the testimony of Mrs. Alston, it seems clear that there were at least two office consultations, one consultation at Mr. Kay’s home, and two telephone conversations.
The suit itself is one for separation from bed and board on the ground of cruel treatment. In addition to the allegations in support of the demand for separation, it was alleged that the community owned property in the Parishes of Vernon and Beauregard and in the City of Port Arthur, Texas. There were also the necessary allegations and a prayer for a writ of judicial sequestration, temporary restraining order, alimony (together with a rule for same), attorney fees, and inventories of the property in Vernon and Beauregard Parishes. The plaintiff prepared also the order for the writ of sequestration, rule for alimony pendente lite, rule for preliminary injunction, temporary restraining order and for the inventories. In addition the temporary restraining order and writs of sequestration were prepared by the plaintiff. Further, plaintiff prepared a petition and order extending the temporary restraining order and rule for preliminary injunction.
The record shows that two court appearances were made by the plaintiff. The first of these was on October 2, 1950, on the rule for a preliminary injunction. No opposition to the rule was made by the defendant and the order was simply presented to the judge and signed by him.
The second court appearance consisted of the filing and arguing of an exception of no cause of action to a rule to dismiss the suit based upon the reconciliation, which exception was overruled.
Coming now to the expenses incurred by plaintiff we find that the petition in the instant suit contains no allegations of any specific items of expense and contains only the general averment that the value of the services rendered and expenses incurred are worth the sum of $500. Nor does the testimony of Mr. Kay point out any specific expenses incurred other than that he stated he made three trips from DeRidder to Lees-ville, one to file the suit, one to try the rule for a preliminary injunction and one to argue the exception of no cause of action which he had filed to the rule to dismiss the suit because of the reconciliation. The record shows that on the day the preliminary injunction was obtained, Mr. Kay handled other business also because on that day he also probated a will. As stated previously, the plaintiff alleged a payment by Mrs. Alston of $90 which the record shows it received the sum of $100. The $10 difference, we imagine, is evidently the amount expended by plaintiff for advance costs when suit was filed.
 In addition to the work involved and expenses incurred, it is proper in a case of this sort, we think, to examine the results obtained by the attorney for his client. See Adams v. Simon, La.App., 144 So. 73. Here, of course, the parties became reconciled and no part of the suit was ever contested. However, the testimony of Mr. Alston himself shows that he attempted to *468 sell the property situated in Port Arthur; Texas, and was prevented from doing so by the temporary restraining order. This is a factor of some importance and should be taken into consideration in estimating the amount which plaintiff is due.
The record contains the testimony of two attorneys, one of whom testified for the plaintiff and the other of whom was called by the defendant. The attorney who testified on behalf of the plaintiff has been practicing since 1911, but stated that since 1931 he had had but little experience in separation and divorce suits. In his opinion the fee in a case such as this should be from $500 to $750.
The attorney who testified on behalf of defendant has been practicing law since July, 1947, and stated that he has not handled over three suits similar to the one forming the basis of this action. After expressing the opinion that the rates of the Leesville Bar are very low, he stated that attorneys would do the work there for $100 and that he thought that amount to be sufficient.
Numerous cases have been cited by counsel for both sides and needless to say, the amounts awarded by our various courts are not always subject to reconciliation. We think pertinent here, however, the case of Adams v. Simon, La.App., 144 So. 73, in which proceedings very similar to those involved here were brought but never tried. There the Orleans Court of Appeal affirmed a judgment of the lower court, against a defendant described as a “man of moderate income and with little or no property” in the amount of $350. Also very much in point is Tullis v. Calhoun, 161 So. 619, where the defendant was a man of large means and the Court of Appeal, Second Circuit, affirmed a judgment of the lower court in the amount of $200.
There are some authorities of course, and these have been cited by counsel for defendant, where attorney fees of less than $100 have been awarded even where the case was tried in the lower court. We are aware also of the holding of the lower court here and assume that it was based upon the opinion that $100 was a sufficient fee. With this holding, however, we cannot agree.
While as stated before, the exact expenses incurred by plaintiff have not been shown, there is sufficient evidence to show that expenses were incurred in an amount sufficient to make the actual fee received far less than $100. Financial ability has been considered in previous cases and should be taken into consideration here. See Tullís v. Calhoun and Adams v. Simon, supra. Here the community is of a value of approximately $20,000 and the defendant earns approximately $220 per month. Taking all of these factors, we feel that the plaintiff is entitled to¡ an additional fee and think that the total sum of $250 would be fair and reasonable.
Therefore for the reasons assigned, the judgment of the lower court is reversed and it is ordered that there be judgment in favor of plaintiff, Kay and Kay, and against the defendant, Robert F. Alston, in the sum of $250, subject to a credit of $100 previously received, with five per centum per annum interest thereon from judicial demand until paid, together with all costs of court in this suit.