ELLIS, Judge.
The plaintiff, an attorney at law, seeks to recover fees for legal services rendered in a divorce proceeding brought by Mrs. Ida Amanda C. Airhart against her husband, Teddy William Airhart, which suit was Docket No. 36,596 of the 19th Judicial District Court for the parish of East Baton Rouge. Prior to final judgment in the divorce suit the parties were reconciled. Mrs. Airhart and her husband, Teddy Williams Airhart, were made codefendants. Plaintiff alleged the amount due him was $777.90, alleging stipulated attorney’s fees in accord with a contract entered into by the wife, of $750, $40 as a loan to the wife, $22.90 court costs, or a total of $812.90, less a $35 credit, constituting a payment by the wife. Both defendants filed answers, and after the cause was tried on the merits judgment was rendered in favor of the plaintiff in the amount of $522.90, representing $500 attorney’s fees, $5 balance due on a loan, and $17.90 court costs.
From this judgment the defendants appealed and the plaintiff answered the appeal, seeking an increase in the amount awarded to the amount prayed for, less $5, which difference represented a mistake in the court costs, which should have been $17.90 instead of $22.90.
A motion to dismiss the appeal was entered upon the ground the appeal was not timely filed. The return day was set as September 21, 1951. On September 17, 1951 the Clerk of Court notified appellee’s attorneys there were costs due for the completion of the transcript. These costs were not paid until September 21, 1951, and the transcript of appeal did not reach the Clerk’s office until September 25, 1951. Ap-pellee maintains since the transcript was ‘not filed within the three days’ grace allowed, and no extension of time for filing was obtained by the attorneys for the appellant, the failure of the record to be filed in this Court was due to the negligence of appellant’s attorneys.
*778 We believe the motion to dismiss is without merit in view of the Supreme Court’s ruling in Osborne v. Mossier Acceptance Corporation, 210 La. 1048, 29 So.2d 58, 59. In this case the Supreme Court, in reversing this Court, where we dismissed an appeal under similar circumstances appearing in the present case, held it was the duty of the Clerk of the District Court to file the transcript on or before the return day, or within three days thereafter, and his failure to do so is not imputable to the appellant. An “automatic extension” is affected until the record is actually filed. The payment of fees to the Clerk of the District Court was held not to be a prerequisite to filing in the Court of Appeal. “Since, therefore, the appellants * * * were not legally bound to pay the filing fees to the Clerk of the District Court, the failure to send up the records, which automatically extended the return day, was not attributable to them. And as the fees were paid simultaneously with the lodging of the records in the Court of Appeal a timely filing occurred.”
Of course, in these types of cases, when considering the amount to be awarded for attorney fees we are met with numerous decisions of our Courts which “are not always subject to reconciliation.” Kay & Kay v. Alston, La.App., 52 So.2d 465, presented us with the same problem, and we believe it to be a case closer in point here than any case cited by the appellee.
In the Kay case the attorneys were awarded $250 for legal services, approximating the services rendered by the plaintiff herein. There, however, the proceeding was for separation. Here there was a suit for divorce with the difficulty and disagreeable nature of such a cause involved, and as plaintiff was confronted with more consultations than the attorneys in the Kay case, we believe some consideration should be given to this defense. Neither case was contested, 'but the amounts- involved as to work necessary, the ability of’ the husband to pay, the value of the community interest, and the nature and circumstances, were reasonably the same, for the purpose of fixing fees. The only difference was the disagreeable nature of the case, as already pointed out. All of these features are to be considered in calculating fees, and we so stated in Benton v. Losavio, 176 So. 676.
Thus, the motion to dismiss the appeal is overruled and the judgment of the lower 'Court is amended by -reducing the amount from $522.90 to the sum of $322.90 and as thus amended the judgment is affirmed, the costs of this appeal to be 'borne by the plaintiff, all other costs to be paid by defendants.