LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks damages for injuries to his reputation and the ruin of his trade and profession. By virtue of a judgment rendered in the lower court on July 16; 1951, it 'was dismissed as of non-suit as being violative of the provisions of Code Prac. Art. 172. Counsel for plaintiff then moved for and was granted an appeal to this court returnable on or before August 28, 1951. An appeal bond was filed on July 17, 1951, in compliance with the order granting the appeal. Subsequently, on July 27, 1951, counsel for plaintiff moved the lower court to rescind the order granting the appeal to this court and moved for an appeal to the Supreme Court. On the same day an order of appeal was entered to the Supreme Court with bond fixed at $100. No appeal bond was. filed in compliance with this órder.
After the appeal was lodged in the Supreme Court, defendants filed a motion to dismiss the appeal, which was sustained. See Vaughn v. American Bank and Trust Company, 223 La. 479, 66 So.2d 4. This decision was handed down on April 27, 1953.
On June 13, 1953, a motion was filed in the district court asking that the clerk be ordered to transmit the record .to this court. A rule issued ordering the clerk to show cause why the record should not be transmitted to us and on July 27, 1953, this rule was recalled and dismissed. Shortly thereafter the attorney for the plaintiff moved for and was granted by this court an order extending the return -date to September 15, 1953, and the matter is now finally before us.
The appellant has filed a motion suggesting that as the amount in controversy . is above $200,000 and that as we have no jurisdiction to entertain the appeal, it should be transferred to the Supreme Court under the provisions of Act 19 of 1912, LSA-R.S. 13:4441, 13:4442. The appellees, on the other hand, have filed a motion to dismiss the appeal on.the ground that we have no jurisdiction and on the further ground that the transcript was not timely filed.
The appellees have filed a brief in support of their motion to dismiss wherein they set forth as the return date was originally fixed by the district court as of August 28, *646 1951, and. the transcript was not actually filed with us until September 10, 1953, the-appeal was abandoned as the result of fault and negligence on the’ part of plaintiff and his counsel. Cited in support of this contention are Succession of Bickham, La.App., 197 So. 924, Osborne v. Mossier Acceptance Corporation, 210 La. 1048, 29 So.2d 58 and Stracener v. Airhart, La.App., 57 So.2d 777.
The jurisprudence of this court appears to be well established and settled on the question presented in this case. In the case of Succession of Bickham, La.App., 197 So. 924, 925, lays down the following rule:
“Where the appellant secures an order of appeal, files his bond and deposits the necessary filing fee for the appeal with the clerk of the district court from which the appeal is taken, it then becomes the duty of the clerk of the district court to transmit the original record in the case, together with a part of the filing fee, to the.clerk of the court of appeal, and in the absence of some showing to the effect that a failure to file the transcript■ in time is due to some fault on the part of. the appellant or his attorney, the appeal will not be dismissed for a failure-of the clerk of the district court to file the transcript on or before the return day of the appeal.” (Emphasis ours.)
This rule appears to be consistently followed by this court and again in the case of Pedersen v. Capitol Stores, Inc., La.App., 4 So.2d 16, a motion to dismiss an appeal was sustained in this case where it appeared that the transcript of appeal was not filed in this court on or before the return day because the record was taken from the office of the Clerk of the District Court by counsel for appellant and it was impossible to prepare the transcript of appeal and file same- with this court and that failure to file the transcript within the return date did not result from any fault of the Clerk, but to the contrary was a result of the fault of counsel for the appellant.
It is to he observed in the case at bar that the transcript of appeal was not filed in this court until approximately two years after the expiration of the return date fixed by the District Court, that is August 28, 1951. This failure to file the transcript of appeal certainly was not the fault of the Clerk of the District Court, but was due primarily to the fault or actions of the appellant and his counsel. The actions of counsel for appellant in moving the District Court to rescind the order of appeal to this court and his motion for a devolutive appeal to the Supreme Court of Louisiana and the forwarding of the transcript of appeal to the'Supreme Court rather than to this court is conclusive proof in our opinion that the failure to file the transcript of appeal in this court was due to the fault and actions of counsel for the appellant and not to the Clerk of the District Court. ■ In our opinion this action on the part of counsel for appellant in substance constituted an actual and legal abandonment of his appeal to this court.. The actions of counsel for appellant made it impossible for the Clerk of the District Court to prepare and file the transcript in this court on or before the return date.
Therefore, under the authorities as here-inabove cited, we have no alternative but to sustain appellee’s motion to dismiss' this appeal.
For the reasons hereinabove stated, it is therefore ordered that the motion be and the same is hereby sustained and that the appeal herein taken by appellant be dismissed at the cost of appellant
Appeal dismissed.