YARRUT, Judge.
Defendants appealed from a judgment in favor of Plaintiff for legal services rendered in the amount of $500.00. Plaintiff answered the appeal praying for the full amount of $1685.00 claimed.
Plaintiff, a licensed attorney engaged in the general practice of law in New Orleans, sued to recover $1685.00 for services rendered to Defendants “on open account” for a period from March 15, 1957 to September 15, 1958, itemized as:
‘‘Letter to Mrs. Bessie Bavly 5.00
Affidavit for Ideal Savings & Loan Assn. 15.00
Option to purchase 2721 Decatur Street 15.00
Handling cancellation of Agreement to Purchase 2721 Decatur Street 20.00
Letters to William Turek 20.00
Letters re Pídele Picola 10.00
Letters and agreements re property swap with Dr. Holmes 50.00
Defending gardener in Municipal Court at your request 25.00
Pine advanced to L. E. Trubey for gardener 25.00 Telephone and personal consultation — mini-
mum of 100 hours between March 15, 1957 and September 15, 1958, at rate of $15.00 per hour 1500.00”
Defendants answered admitting owing $165.00, which they were always willing, *724 and are still willing, to pay, but deny any liability for the $1500.00 charged for telephone and personal consultation at $15.-00 per hour. Defendants now only contest the $1500.00 item.
Plaintiff, an associate attorney in his office, and their secretary, all testified that Mrs. Trubey called Plaintiff on the telephone very often, some times as much as three times a day, but no record was kept of the dates, the nature of the calls, nor the case with which the calls were connected. Mrs. Trubey admitted that she did call Plaintiff on the telephone a few times in connection with matters he was handling for her, and that he visited her on two occasions at her home while she was ill. The bill for services was not rendered until 18 months after the alleged services were rendered. The explanation Plaintiff gave for this delay was that Defendants were without funds and he wanted to give them an opportunity to get them.
The two principal matters Plaintiff contends necessitated numerous telephone calls, were the recovery of $4500.00 worth of furniture a doctor took from Defendants and a pending suit involving an immovable on Dauphine St. When Plaintiff finally advised Mrs. Trubey of the amount of his bill, she asked him to explain the $1500.00 charge. Plaintiff explained that it was his fee for recovering the furniture. Mrs. Trubey promptly advised Plaintiff that he had nothing to do with the recovery of the furniture; that she alone made settlement with the doctor following which the two had Plaintiff prepare the necessary agreement, for which Plaintiff charged $50.00, included in his itemized bill.
The other matter involved a piece of property Defendants own on Dauphine St. Another attorney had filed suit for Defendants. Mrs. Trubey consulted Plaintiff with a view of having him take over the litigation. Plaintiff did not accept the employment, did nothing with respect to it, and could not even recall the nature of the litigation. All he did was to tell her she had better have the case tried before five years. At no time did Plaintiff consult the other attorney.
The trial judge gave no reasons for allowing the $500.00. Certainly Plaintiff is entitled to recover the items totalling $185.00 listed in his petition, which Defendants do not now question. However, with respect to the telephone calls, neither Plaintiff, his associate, nor their secretary, could state what those calls were, nor the dates made, nor the time consumed. Hence we must assume those calls necessarily were in connection with the various items listed above, for which specific charges were made and properly allowed here.
Plaintiff explains that the reason he is charging $15.00 per hour is because the Committee of Economic Survey of the Legal Profession, in making a survey for the Louisiana State Bar Association, indicated that Louisiana lawyers charge an average of $15.00 to $19.00 per hour for their services. Assuming the correctness of this basis for legal charges, Plaintiff must first prove he rendered the services for which he has assessed these charges.
A lawyer, like any other professional man or artisan, who renders services over a period of time, without any specific agreement as to price, must prove by a preponderance of the evidence that such services were rendered. Plaintiff kept no record of any of the alleged telephone calls and admitted, when he testified in April, 1961, that (after an 18-month interval) he had to draw on his memory alone, corroborated by the vague recollections of his associate and their secretary.
A lawyer is entitled to be paid for his services on a quantum meruit on the basis of the responsibility incurred, amount in controversy, extent and character of the work performed, his legal experience, the client’s ability to pay, and benefits obtained by the client. Henriques v. Vaccaro, 218 La. 1020, 51 So.2d 611; Kay & Kay v. Al *725 ston, La.App., 52 So.2d 465; Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51.
The legal services listed above, for which specific charges are made, are matters that daily confront an attorney, to which Defendants now offer no objection. To increase such charges after a long interval of time, by the addition of $1500.00 for unidentified telephone calls and visits, would be both invalid and unfair.
The general rule that appellate courts will not interfere with the fixing of attorney’s fees by the trial court, on what appears to he a reasonable basis, applies primarily to services rendered in the presence of the court. Without written reasons here by the district court, we are unable to determine why $315.00 was allowed for telephone calls and consultations with respect to which no record whatever was kept. Massey v. Consumer’s Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789.
At best, the most Plaintiff should receive, in addition to the items admitted by Defendants, would be $25.00 for each of the two house visits, which Mrs. Trubey admitted. The allowance should have been $185.00 for the services listed, plus $50.00, or a total of $235.00.
If Plaintiff intended to charge Defendants for the telephone calls, it was his duty to promptly put them on guard, not wait 18 months (when he rendered his bill), rather than permit them repeatedly to call, sometimes three times a day over a long period of time, and thereby build up a bill of $1500.00.
For the reasons assigned, the judgment of the district court is amended by reducing the amount of the judgment to $235.00, with legal interest from judicial demand until paid; Plaintiff to pay costs of appeal, and Defendants to pay costs in the district court.
Amended and affirmed.