TATE, Judge.
The plaintiff-appellant has appealed from adverse judgment of December 12, 1968. The order granting the devolutive appeal made it returnable to this court on February 24, 1969.
A previous motion to dismiss the appeal was grounded on the failure of the plaintiff-appellant to lodge it with this court by the return date. We overruled this motion. 224 So.2d 563. We pointed out that— “upon the timely payment” of appeal fees— it was the duty of the district court clerk to file the appeal. LSA-C.C.P. Art. 2127.
By this second motion to dismiss the appeal, the defendant-appellee points out that no extension of the return day has ever been applied for and that the plaintiff-appellant has not paid the costs of preparing the appeal and the filing fee within three days of the return day, as required by statute. LSA-C.C.P. Art. 2126; LSA-R.S. 13:4445. The defendant therefore moves to dismiss this appeal. McMillen Feeder Finance Co. v. Thompson, La.App. 3d Cir., 171 So.2d 827.
The uncontradicted affidavits submitted to this court show: The order of appeal was timely taken and the $200 devolutive appeal bond timely filed. Thereafter, as affidavits from the clerk and court reporter show, the transcript was not transcribed, nor the appellate record prepared, because the counsel for the appellant did not specifically request same after he had perfected the appeal. The court officials assumed that the plaintiff had abandoned the appeal.
These affidavits further show that the appellant tvas never notified of the amount of costs for preparing the appellate record and never hilled for same. (In fact, counsel could not ascertain them in advance of receiving a statement from the clerk fixing their amount.)
The affidavit of appellant’s counsel shows: He never intended to abandon the appeal. He relied upon the usual custom of *353 the clerk’s office in this and other parishes to go ahead with preparing the record after the appeal bond is filed. He was never questioned about or informed that the transcript and record had not been ordered. (The other affidavits indicate that nothing appears of record to contradict these statements.) He is and has been at all times ready to pay appellate costs and fees when notified of their amount by the clerk.
The motion to dismiss the appeal must be overruled.
The clerk of the trial court has the duty to prepare the record for appeal, and his failure in this regard shall not prejudice the appeal. LSA-C.C.P. Art. 2127. He is entitled to obtain extension if the record has not been prepared by the original return day. LSA-C.C.P. Art. 2125.
The clerk also has the duty to lodge the appeal timely, upon the timely payment to him of fees due by the appellant. LSA-C.C.P. Art. 2127. However, not less than three days before the original or extended return day, the appellant must pay the appellate filing fee, all costs of preparing the record for appeal, and the cost of transmitting the record to the appellate court. LSA-C.C.P. Art. 2126; LSA-R.S. 13:4445 (1960).
Nevertheless, since the amount of these fees or costs cannot be ascertained by counsel until so informed by the clerk, an appellant’s failure to pay these fees is not regarded as fault imputable to him where the clerk fails to send the appellant’s counsel a statement of these costs and fees due, so that the appellant can timely pay them. Reid v. Blanke, La.App. 4th Cir., 215 So.2d 406; Solomon v. Hickman, La.App. 1st Cir., 213 So.2d 96; American Tile and Terrazzo Company v. Keiler, La.App. 4th Cir., 194 So.2d 743; Atlantic Gulf Supply Corp. v. McDonald, La.App. 4th Cir., 171 So.2d 481; Mathies v. Fruehauf Trailer Co., La. App. 1st Cir., 170 So.2d 785. See also Johnson v. Patout, La.App. 3d Cir., 199 So.2d 199.
Under these interpretations, an appellant is entitled to rely upon the clerk’s performance of his duty to complete and timely lodge the record on appeal, without investigating and paying the amount of the costs of preparing the record in the absence of timely notification of their amount by the clerk. Timely-perfected appeals will not be dismissed due to procedural irregularities not resulting from fault on the part of the appellant, in deference to the well settled policy favoring the right of appeal.
Motion to dismiss the appeal overruled.