LANDRY, Judge
(dissenting).
In essence the majority opinion places responsibility on the Clerk of the trial court for failure to timely lodge the record on appeal in this instance. As I understand the reasons given by the majority, Appellant is exonerated from responsibility herein, first, because Appellant was assured by the trial court Clerk that the Clerk would obtain any needed extensions, and secondly, because the transcript of testimony was not completed within the three day applicable period for payment of costs by Appellant. On this latter basis, the majority evidently concludes payment of costs could not have been made by Appellant, and in any event, tender would be *685 a vain and useless gesture because costs were not then known. The effect of the majority opinion is to place the burden of applying for an extension on the Clerk of Court when the record is not complete within the pertinent three day period, notwithstanding Appellant has neither paid nor tendered payment of either the costs of preparing the record or the filing fees as required by LSA-C.C.P. arts. 2126 and 2127, respectively. In so holding, the majority has, in my opinion, disregarded the clear and unmistakable ruling of the Supreme Court in Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278.
In Lasseigne, above, the Court found that the required costs and filing fees were not timely paid for the reason that Appellant was not billed therefor until after the return date had expired in confirmity with local custom pursuant to which the Clerk did not bill Appellant until the record was complete. The Court then noted that no local custom could contravene the express statutory provision regarding payment of costs and fees, and in this regard, stated:
“The clerk of the trial court is without authority to modify or render null such express law. Our law does not require billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk.”
In Lasseigne, the Supreme Court then stated that the intent of the several applicable statutes and codal provisions is to make uniform the responsibility for lodging the record in all appellate courts and assign the primary obligation in that regard to the clerks of the trial courts, but added:
“It is clear there was also the specific intent to overrule the Osborne case [Osborne v. Mossier Acceptance Corp., 210 La. 1048, 29 So.2d 58] by “* * * making it the mandatory duty of the appellant to pay these fees (appellate fees and costs) to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant.” (Emphasis by the Supreme Court.)
Following the above pronouncement, the Supreme Court in Lasseigne remarked:
“We hold that the pertinent codal provisions and statutes make the filing of appellate costs mandatory upon the appellant, and that an untimely lodged record on appeal where these costs have not been tendered or advanced is imputable to the appellant and is ground for dismissal.” (Emphasis supplied.)
The court’s concluding remarks in Las seigne were:
“Although the clerk is charged with the primary responsibility of lodging the record in the appellate court and with securing extensions of return date in order that the record may be properly completed and filed, it is not incumbent upon the clerk to seek extended return dates or file the appellate record when costs and fees have not been timely advanced by the appellant or the record has not been completed for reasons imputable to the negligence, error, or fault of the appellant. It is incumbent upon appellant to keep informed of the return date and extended return dates and of the amount he must pay as costs of appeal. Timely payment or tender of payment must be made in accordance with law under penalty of the appellant’s losing his appeal.” (Emphasis supplied.)
I interpret the above language to mean (1) Clerks of trial courts may not by local custom, such as billing or otherwise, dispense an Appellant of the mandatory duty of paying or tendering costs and fees not later than three days of the return date; (2) where the required costs and fees are not timely paid, there is no obligation on the part of the trial court to either com- *686 píete the record or request an extension if the record cannot be completed by the return date, and (3) where there has been no payment or tender of costs and fees within the prescribed statutory period, failure to lodge the appeal is attributable to the fault of Appellant, rendering the appeal subject to dismissal.
I note also that Lasseigne, above, makes it the duty of Appellant to keep informed as to the return date or any extensions thereof, and of the amounts which he must pay. I take this to mean that if costs are not fully determinable within the time they are payable, it is incumbent upon Appellant to at least pay or tender what is then known to be due, and not just sit idly by and do nothing as was done in the case at hand. While it may be that costs of transcribing testimony were not precisely known in this instance, Appellant well knew the amount of filing fees due since these are expressly fixed by statute. In this instance Appellant did not even tender known filing fees.
I therefore respectfully dissent from the denial of Appellee’s motion to dismiss the appeal.