DOMENGEAUX, Judge.
MOTION TO DISMISS
This is a workmen’s compensation suit brought by the plaintiff-appellee, James Randall Martin, against his former employer, The Southland Corporation, and its compensation insurer, The Travelers Insurance Company.
On September 11, 1974, a formal judgment in the District Court was rendered in plaintiff’s favor against both defendants. On September 25, 1974, defendants timely moved for and were granted a suspensive appeal to this court, and filed their appeal bond the same day. The appeal was made returnable on November 22, 1974.
The record was lodged in this court on April 1, 1975. On March 31, 1975, prior to the lodging of the record, the plaintiff-ap-pellee moved to dismiss the appeal on the grounds that the defendants-appellants had not timely posted the fee for filing the transcript in this court as required by LSA-C.C.P. Art. 2126 and LSA-R.S. 13:4445. Both sides have filed briefs on the plaintiff-appellee’s Motion to Dismiss.
An examination of the record shows two motions and orders for an extension of the return date. The first motion was signed on November 22, 1974, (the original return date) extending the return date to January 15, 1975. The second motion was signed on January 15, 1975, extending the return date to March 15, 1975.
In support of his Motion to Dismiss, the plaintiff-appellee has attached the affidavit of Geraldine Curtis, Deputy Clerk of Court of the Eleventh Judicial District Court, Parish of Sabine, which states in summary, that due to the fact the court reporter had not filed the note of evidence, she asked for two extensions in this suit, the last of which extended the return date to March 15, 1975. Ms. Curtis further avers that she had the record prepared on February 15, 1975, when she discovered that the defendants-appellants had not posted the filing fee due this court, and that she wrote to the appellants’ attorney on February 15, 1975, requesting the fee, but that she did not receive this fee until March 27, 1975, which was after the March 15, 1975, return date.
Appellants’ counsel also attached an affidavit in opposition to appellee’s Motion to Dismiss which in summary states that it was never intended to abandon this appeal, and that he relied upon the usual custom of the Clerk of Court to proceed with the preparation of the record after the appeal bond is filed, which was done herein; further that he was neither questioned about or informed that the transcript and record had not been ordered; and finally that he has always been willing, ready and able to pay appellate costs and fees when notified of their amount by the Clerk.
The appellants argue, citing this court’s decision in Thompson v. Warmack, 229 So.2d 352 (La.App. 3rd Cir. 1969) to the effect that an appellant is not obligated to pay costs until he is notified of same by the Clerk of Court, and that the appellants have not as yet received notice as to what the costs of the transcript were, although appellants admit that they did receive Ms. Curtis’ letter of February 15, requesting payment of the appellate filing fee.
*344 The Thompson case no longer correctly states the law in this related field, in view of our Supreme Court’s decision in Louisiana Power and Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), and our own decisions in the Succession of DeHart, 272 So.2d 781 (La.App. 3rd Cir. 1973), and Thibodeaux v. St. Paul Mercury Insurance Company, 310 So.2d 860 (La. App. 3rd Cir. 1975).
Article 2126 LSA-C.C.P. and LSA-R.S. 13:4445 assign the responsibility to the appellant to pay to the clerk of the trial court the cost of the appeal and the filing fee due the clerk of the appellate court not later than three days before the return date, or extended return date of appeal fixed by the trial court.
In Louisiana Power and Light Company, supra, the contention that the fees were not timely made because the Clerk of Court had not followed his custom of notifying counsel of same was also made, and specifically rejected by the court, wherein it stated:
“. . . The clerk of the trial court here testified that it is his practice not to bill for costs for preparing the appellate record until the record is complete. Apparently the Court of Appeal allowed the local practice and custom of the clerk of court to contravene the specific codal and statutory provisions requiring payment of appellate costs and fees not later than three days before the return date. The clerk of the trial court is without authority to modify or render null such express law. Our law does not require billing for appellate costs and fees by the clerk, but to the contrary it requires timely tender by the appellant of these costs and fees to the clerk. (Emphasis ours)
“Prior to the Code of Civil Procedure the responsibility of lodging appeals in the various Courts of Appeal as well as in the Supreme Court rested in some instances upon the appellant and in others upon the clerk. . . .
“Also prior to the Code and R.S. 13:4445 as amended by Act 38, Section 1, of 1960, this court had construed Act 32 of 1910 (former R.S. 13:4445) to permit but not to require the advance deposit of the costs of appeal before the return date, and since at that time it was not incumbent upon the appellant to prepare and file the record with the Court of Appeal, the failure to file the record before the return day because of appellant’s failure to advance the filing fee was not imputable to the appellant. Osborne v. Mossier Acceptance Corporation, (210 La. 1048, 29 So.2d 58) supra.
“R.S. 13:4445 and Code of Civil Procedure Articles 2125, 2126, and 2127 were intended to make uniform the responsibilities for lodging the appellate record in all of the appellate courts and to assign to the trial clerk the primary obligation for lodging that record. It is clear that there was also the specific intent to overrule the Osborne case by * * (i) making it the mandatory duty of the appellant to pay these fees [appellate fees and costs] to the clerk of the trial court; and (2) requiring such payment to be made not later than three days before the return day, or extended return day. If the appellant fails to pay such fees timely, any delay in lodging the record of appeal in the appellate court is imputable to the appellant.’ Official Revision Comment, Art. 2126.”
Our Supreme Court’s decision in Louisiana Power and Light Company, supra, makes it clear that it is the duty of the appellant or his counsel to follow the progress of the appeal. Appellants perfected the appeal and knew of its return date, and even though the Clerk in this instance failed to notify counsel of the extensions (though not required to do so, a better practice would have been for the Clerk to send such notice) counsel was aware on February 15 that the appellate filing fee was due yet failed to tender the fee until March 27, 1975, two days after the last extended return date. Under these circum *345 stances, we have no choice but to order that the appeal be dismissed.
For the reasons assigned, this appeal is dismissed at the cost of the defendants-appellants.
Appeal dismissed.