O’NIELL, C. J.
 

 This is a suit to dissolve an agreement on the part of the plaintiff to sell a certain tract of land for $89,700. The plaintiff alleged in his petition that the defendant, who signed the offer to buy, as “agent for purchaser,” was acting for an undisclosed principal, and therefore became bound personally to buy the land at the price offered. The cause for demanding a dissolution of the agreement was that the defendant did not pay the price, or any part of it, within the time stipulated. The plaintiff prayed also for a judgment against the defendant personally for liquidated damages in the sum equal to 6 per cent, interest per annum on the $89,700 from the 20th of June, 1926, when the alleged default in payment occurred, until the date when the judgment should become final. The defendant’s offer to purchase was ad-dressed to Harry W. Fitzpatrick & Co., a real estate agency, having the property for sale for the plaintiff; and the acceptance of the offer was also addressed to Harry W. Fitzpatrick & Co. and was signed by the plaintiff himself.
 

 The defendant, answering the suit, admitted that he had signed the offer as agent for the proposed purchaser, and averred that, within 48 hours after making the offer, he disclosed to the plaintiff, through the latter’s agent, Harry W. Fitzpatrick & Co., that he (defendant) was acting as agent for the Olympia Realty Company, a corporation organized under the laws of this state and domiciled in New Orleans. The defendant averred, therefore; that the contract was between the plaintiff and the Olympia Realty Company, and that he (defendant) was never bound personally by the offer to purchase the land.
 

 The plaintiff obtained a rule on the defend
 
 *429
 
 ant to show cause why judgment should not be rendered against him on the admissions made in his answer to the suit; and, after hearing argument on the rule, the judge of the civil district court made the rule absolute and gave judgment against the defendant, dissolving the contract and condemning him to pay the plaintiff damages in the sum equal to 6 per cent, interest per annum on $89,700 from the 20th of June, 1926, until the judgment should become final. On motion of the defendant’s counsel, the judge granted a suspensive appeal to the Court of Appeal for the parish of Orleans, and fixed the appeal bond at $12,000, which the defendant promptly furnished, with good and solvent surety.
 

 In the Court of Appeal, the plaintiff moved to dismiss the appeal on the ground that the amount in dispute was not within but beyond the jurisdiction of the court. In response to the motion, the defendant, without admitting that the case was not within the jurisdiction of the Court of Appeal, asked that the appeal should be transferred to the Supreme Court if the Court of Appeal should find that the case was not within its jurisdiction but within the jurisdiction of the Supreme Court. The Court of Appeal did find that the case was not within its jurisdiction but within the jurisdiction of the Supreme Court, but instead of transferring the ease to this court the Court of Appeal dismissed the appeal. After an unsuccessful motion for a rehearing, the defendant applied for a writ of review, which we granted.
 

 The theory on which the defendant’s counsel took his appeal to the Court of Appeal, instead of bringing it here, was that the amount in dispute consisted entirely of interest, whereas the Constitution, art. 7, § 10, limits the jurisdiction of the Supreme Court, in civil suits, to “suits where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest.” The idea of the learned counsel was that,
 
 excluding the interest,
 
 there was no amount in dispute, because the judgment appealed from is only for a sum equal to 6 per cent, interest per annum on $89,700 from the 20th of June, 1926, until the judgment shall become final..
 

 We agree with the Court of Appeal that the sum in dispute is not
 
 interest
 
 but
 
 principal,
 
 within the meaning of section 10 of article 7 of the Constitution, notwithstanding the sum or amount of the judgment is ascertained by calculating 6 per cent,
 
 interest
 
 ’ per annum on $89,700 from the 20th of June, 1926, to the date on which the judgment shall become final. The expression in section 10 of article 7 of the Constitution, “exclusive of interest,” means exclusive of interest on the principal sum or amount in dispute. In this case the principal sum or amount in dispute, being the sum equal to 6 per cent, interest per annum on $89,700 from the 20th of June, 1926, to the date on which the judgment shall become final, amounted, according to our calculation, to $3,573.05 on the date of the judgment, and amounts to approximately, if not exactly, $8,551.40 now, on the date of this decree. The amount being over $2,000, the case is within the jurisdiction of this court, and not of the Court of Appeal.
 

 We are of the opinion, however, that the Court of Appeal should have transferred the case to this court instead of dismissing-the appeal. The Court of Appeal, in dismissing the appeal, declared that the court had examined the record to determine whether there was sufficient merit in the defense made in the answer to the suit to justify the imposition of further delay upon the plaintiff by transferring the case to the Supreme Court, and the Court of Appeal declared that it had come to the conclusion that there was not enough plausibility in the defense to justify a prolonging of the litigation. We do not concur in that opinion. The judgment of the civil district court was rendered on the petition
 
 *431
 
 and answer, and without allowing the defendant an opportunity to offer evidence. The question whether the judgment is correct or incorrect is one which should be decided in the exercise of our appellate jurisdiction, and is not now before us for decision. It suffices to say that the defendant did not confess judgment in his answer to the suit, but tendered an issue on which he is entitled to a hearing in the court having appellate jurisdiction of the case.
 

 It is argued in the brief of the plaintiff, Soniat, as respondent in this proceeding, that Act 19 of Acts 1912, p. 25, which gives the Court of Appeal the right to transfer a case to the Supreme Court when it is found that the case is within the appellate jurisdiction of this court, leaves the matter in the discretion of the Court of Appeal to determine whether the case should be transferred or the appeal dismissed, and that, when the Court of Appeal has exercised its discretion in that respect, by dismissing an appeal, its judgment is not subject to review. That is not consonant with the power of the Supreme Court to review any judgment or decree of any of the Courts of Appeal, which judgment or decree otherwise would be a final judgment. Act 19 of Acts 1912 declares that, if one of the Courts of Appeal is in error in transferring a case to the Supreme Court, this court “shall not dismiss the appeal, but shall retransfer such case to the Court of Appeal.” That shows, not only that the policy of the law is to favor the right of appeal, but that when the Court of Appeal has exercised its judgment, either by transferring a ease or by dismissing the appeal, the judgment is subject to review. In this case the Court of Appeal virtually passed judgment on the merits of the defendant’s appeal, notwithstanding the court found — and found rightfully — that the case was one of which that court had not jurisdiction. It would be anomalous if a judgment of the Court of Appeal, dismissing an appeal, in a case in which the Supreme Court alone has appellate jurisdiction, were not subject to review, notwithstanding any judgment rendered by the Court of Appeal in a case in which it has appellate jurisdiction is subject to review.
 

 There is no reason to suppose that the defendant’s purpose in taking his appeal to the Court of Appeal, instead of bringing it to this court, was merely to delay payment or execution of the judgment. The only matter that was in contest was the judgment for damages. The demand for a dissolution of the alleged contract was not opposed in the defendant’s answer to the suit, for he denied that there was any contract with him .personally, and averred that the contract was with the Olympia Realty Company. There was no possible reason for the defendant, as appellant, to desire to delay the hearing of his case on appeal. The judgment for damages was not for a fixed sum, bearing interest ; it was for, approximately, if not exactly, $14.95 a day for every day from and after the 20th of June, 1926, until the judgment should become final. The effect of the defendant’s suspensive appeal, therefore, was to cause the amount of the judgment against him to continue to increase, at the rate of $14.95 a day, until the case would be finally decided on appeal; and the large amount of bond which he gave made it certain that the judgment would have to be paid in full if affirmed on appeal. There is therefore no reason to doubt that the defendant’s appeal was taken in good faith, and that he desired a prompt decision.
 

 It is ordered that the appeal in this case be transferred from the Court of Appeal to this court, provided that a transcript of the record shall be filed with the clerk of this court within 30 days from the date on which this decree shall become final. The costs of the present proceedings by writ of review are to be borne by the plaintiff and appellee, M. C.
 
 *433
 
 Soniat.- The question of liability for the other court costs depends upon the final judgment to be rendered in this case.
 

 ST. PAUL, J., dissents.