Plaintiff sustained physical injuries and his automobile was slightly damaged in a collision with a truck of defendant, W.M. Chambers. An automobile of the Monroe Furniture Company, Ltd., was involved in the accident. Plaintiff sued Chambers and this company to recover judgment in solido for the damages consequent to the collision. Prior to trial the suit as against the company was, as a result of a compromise of the demand against it, dismissed. The case is now prosecuted on the demand against Chambers.
The accident out of which this suit arose occurred in the daytime on Cypress Street in the City of West Monroe, Louisiana. This street is a part of Louisiana Highway No. 80 and carries heavy traffic at all times.
Plaintiff was traveling easterly. In front of him was a car owned by the Monroe Furniture Company, Ltd., then being operated by its agent. Behind him followed a heavily laden truck of defendant Chambers, then being driven by his agent. The rates of speed of these three vehicles and the respective distances between them immediately prior to the collision, of course, are not definitely fixed, but it is not disputed that all were traveling at a speed considerably in excess of the limit fixed by ordinance of the City of West Monroe.
For a cause of action against both defendants, plaintiff alleges:
"That at a point on said street or Highway near the store of J.L. Sessions, the car owned and operated by the Monroe Furniture Co., Ltd., suddenly stopped, and as he started to go around same that another car owned and operated by the Monroe Furniture Co., Ltd., its agents or employees, and coming from the opposite direction, also suddenly stopped alongside the first car, thereby completely blocking said street or Highway. That he was then faced with an eminent collision; he turned to the right, *Page 47 
applying the brakes at the same time, and drove into the ditch on the side of the first mentioned car owned and operated by the Monroe Furniture Co., Ltd.; That as the right wheels of his car came to rest in the ditch, and as his car came to a stop, without any collision, an oil truck owned by W.M. Chambers and being driven by one Lee Holloway, his employee, and who was then in the course of his duties, and which said oil truck was following his car, also turned into the ditch to avoid striking either of the cars aforesaid belonging to the Monroe Furniture Co., Ltd., and in so doing collided with the rear end of petitioner's automobile."
Defendant disclaims any negligence on the part of his driver as a cause or contributing cause of the collision and specifically pleads that it was caused by the carelessness and negligence of the operator of the car of the Monroe Furniture Company, Ltd. or from the combined negligence of said operator and that of plaintiff. This position is buttressed upon the following allegations, to-wit: "* * * that there was at a place on the highway in advance of the place where plaintiff's car was being driven, a truck parked on the highway belonging to the Monroe Furniture Company, Ltd. and that as plaintiff approached said truck, the said highway became suddenly blocked by another automobile belonging to and operated by an employee of the Monroe Furniture Company, Ltd.; that the aforesaid condition developed suddenly and plaintiff suddenly and without warning turned his automobile to the right and defendant's employee likewise made the same maneuver, thereafter striking lightly the rear end of plaintiff's car; that the condition, as aforesaid, developed suddenly and without warning and that the emergency created was due either to the fault and negligence of the Monroe Furniture Company, Ltd. or the fault and negligence of plaintiff. Accordingly, defendant admits, as alleged by plaintiff, that the accident was caused solely and only by his, the plaintiff's, own fault and of the officers, agents and employees of the Monroe Furniture Company, Ltd. * * *"
As an alternative defense, the contributory negligence of defendant is set up.
The lower court rejected plaintiff's demand and dismissed his suit. The court reached the conclusion that the negligence of plaintiff and defendant was equal in bringing about the accident and, therefore, neither had a cause of action against the other. Plaintiff appealed devolutively.
Appellee has moved to dismiss the appeal on three grounds, to-wit:
1. That the record was not filed in this court on or before the return day nor within the three day grace period thereafter, and that no extension of the return day was applied for or granted;
2. That the filing fee required by the rules of this court was not deposited within said period;
3. That the record contains no appeal bond.
It is charged in the motion that the failure to timely file the transcript is imputable to appellant, inter alia, in that he did not deposit the filing fee before the expiration of the return day or within three days thereafter.
To intelligently discuss and pass upon the first two reasons assigned for dismissing the appeal, the following record facts, in chronological order, are here given, viz.:
Judgment was rendered and signed on September 18, 1939. On June 17th in open court, on motion of plaintiff's counsel, order of devolutive appeal was entered, returnable August 7, 1940. Bond was fixed at $250. Appeal under this order was not perfected.
On September 17, 1940, plaintiff petitioned for and was granted a new order of appeal. The appeal was made returnable to this court on or before October 7th. Bond was again fixed at $250. The record indicates that on this date appeal bond was tendered to and was approved and filed by the clerk of court. More will be said on this score hereinafter.
Appellant deposited the filing fee with the clerk of this court on October 30, 1940, twenty-three days after the return day. The record was filed here on March 8, 1941, five months subsequent to return day. We do not know why the record was not filed here long before it was. The filing fee was deposited here more than four months in advance of the record's arrival. This fee, under the law, may be deposited with the clerk of the trial court or sent directly to the clerk of this court. The latter course is often followed. So far as we are advised, clerks of district courts do not withhold transmission to this court of records in cases appealed to it until the filing fee is deposited; and this is as it should be. *Page 48 
It is the duty of such clerks to see to it that the record reaches this court within the legal delay, unless good and sufficient reason exists for not so doing. If tardy filing of the record is imputable to the fault of the appellant or his counsel, of course, this fact warrants dismissal of the belated appeal. In the present case, on the face of the record, it is not evident that appellant should be charged with the tardy filing of the transcript. In such circumstances, this court has frequently held that the return day is automatically extended until the record does reach here. Twin City Motor Company, Inc., v. Pettit et al., La.App., 177 So. 814; Bolton v. Eznack, La.App., 187 So. 840; Wilson v. Lee, La.App., 196 So. 373.
The first circuit is now in accord with us on this question. Succession of Bickham, La.App., 197 So. 924; Woodward v. Blair et al., La.App., 197 So. 920.
A search of the jurisprudence does not reveal a case wherein an appeal was dismissed because the filing fee reached the appellate court subsequent to the return day, but prior to filing of the record.
It would seem sound and logical, since there is no rule nor law to the contrary, to hold that if the deposit fee reaches the court before the record does, and it is held that the record was timely filed to preserve the appeal, the deposit is also timely, and we so hold.
Rule Three of this court forbids the clerk from filing a record (except in pauper cases) until and unless the filing fee is advanced.
In the case of Danna v. Yazoo M.V. Ry. Company et al., La.App., 154 So. 365, although the record timely reached this court, the appeal was dismissed because the filing fee was not advanced prior to return day nor within three days thereafter. The clerk of this court declined to file the transcript until the fee was paid and when this was done it was too late to preserve the appeal. This case does not provide a precedent for dismissing the present appeal. The facts of the two cases are materially dissimilar.
The Dorfer case (Dorfer v. City of Natchitoches, La.App., 160 So. 807) is on all fours with the present one. The appeal in that case, however, was dismissed, but for the reason that the belated filing of the record here was chargeable to the appellant.
We perceive no conflict between the Danna and Dorfer cases.
There is no appeal bond in the record. There is a certificate in the record signed by the district clerk wherein he certifies that the records of his office disclose that a charge was made for approving and filing such bond, but the bond itself could not be found after exhaustive search. This certificate does not give the date the bond was filed nor the name of the surety thereon. It is said therein that it was designed to take the place of the appeal bond. Such a substitution is not acceptable.
Of course, if the bond was timely filed, the clerk of court thereafter became the official custodian thereof. Penalty for its loss or destruction should not be visited upon the appellant, who, so far as the record discloses, is not at fault. However, as the giving and filing of acceptable appeal bond is an indispensable prerequisite to divesting the trial court of jurisdiction, as well as vesting such in the appellate court, the bond itself or a copy should always be in the record on appeal to there warrant consideration of the case. If neither the original nor a copy of the bond can be produced, then its execution, its filing with the clerk of court, with date thereof, the approval thereof by that official, the name of the surety, etc., should be established contradictorily with the appellee in order that the appeal may be passed upon. When this has been done the record supplemented thereby is made complete.
The motion to dismiss the appeal is denied. It will be remanded for completion.
For the reasons herein assigned, this case is hereby remanded to the lower court to the end that the record may be completed by pursuing one of the methods herein named; and when the record has been completed in keeping herewith, it should be returned to this court for final disposition.
All costs will await final decision in the case. *Page 145