This case was before us on a motion to dismiss the appeal in the November, 1941, Term. At that time we disposed of all questions raised in the motion except the question of the absence of a bond from the record. The case was remanded for the purpose of having an appeal bond supplied if one had been timely filed. We gave what we thought were specific instructions as to the course to pursue in supplying the bond. See our former opinion5 So.2d 46, 48, recorded on November 28, 1941. In that opinion we said:
"Of course, if the bond was timely filed, the clerk of court thereafter became the official custodian thereof. Penalty for its loss or destruction should not be visited upon the appellant, who, so far as the record discloses, is not at fault. However, as the giving and filing of acceptable appeal bond is an indispensable prerequisite to divesting the trial court of jurisdiction, as well as vesting such in the appellate court, the bond itself or a copy should always be in the record on appeal to there warrant consideration of the case. If neither the original nor a copy of the bond can be produced, *Page 732 
then its execution, its filing with the clerk of court, with date thereof, the approval thereof by that official, the name of the surety, etc., should be established contradictorily with the appellee in order that the appeal may be passed upon. When this has been done the record supplemented thereby is made complete.
"The motion to dismiss the appeal is denied. It will be remanded for completion.
"For the reasons herein assigned, this case is hereby remanded to the lower court to the end that the record may be completed by pursuing one of the methods herein named; and when the record has been completed in keeping therewith, it should be returned to this court for final disposition."
After the record was returned to the lower court, appellant filed in it a new bond and had the record returned to this court. There were no proceedings of any kind had contradictorily with appellee. There was no testimony taken relative to the original bond to show the time of filing, who the surety was or the amount of said bond, and there is no testimony to show that the new bond is a duplicate of the original or that it was an attempt to duplicate the original.
When the case was called for trial the second time in this court, appellee filed a new motion to dismiss the appeal based upon the grounds originally urged and for the further reason that appellant had in no manner complied with the instructions of this court in completing the record and had not completed the record. Some time during the day but after the motion had been argued and out of the presence of appellee, appellant filed with the Clerk of this court a new affidavit made by the Clerk of the District Court, which is as follows:
"I, W.F. Thurmon, Deputy Clerk of the Fourth District Court, in and for Ouachita Parish, State of Louisiana, certify that the records in this office show the following:
"That the original opinion and decree of the court was filed on September 18, 1939;
"That on July 15, 1940, Mr. Yearger, who was on the cost bond, paid to the Clerk of this Court $115.56, being all costs;
"That on September 17, 1940, plaintiff filed a petition for a devolutive appeal, which was granted by the Court and made returnable to the Honorable Circuit Court of Appeal, Second Circuit of Louisiana, on or before October 7, 1940; the devolutive appeal bond being fixed at $250.00;
"That on September 18, 1940, the records show that an appeal bond was filed and approved, but same was either lost or misplaced and after an exhaustive search could not be located for the purpose of including same in the transcript;
"That on December 10, 1941, after the transcript had been returned from the Court of Appeal, a new bond was filed and is now incorporated in said transcript.
"Given under my hand and seal of said Court on this 30th day of March, 1942."
Appeals are always favored and where it is possible to sustain an appeal within the law it is always done. Appellant originally came to this court with a record which did not contain an appeal bond. He had knowledge of this fact, yet there was no effort made to supply a bond, but instead he filed a faulty certificate of the Deputy Clerk in which the date of filing of said alleged lost bond was not given. Instead of dismissing the appeal we gave appellant the right to supply a legal bond and thereby complete the record, giving definite instructions as to the procedure to be followed. The record is again before us containing a new bond executed and filed more than two years after the date of signing of the judgment below and apparently without any effort having been made by appellant to complete the record relative to the bond contradictorily with appellee, as instructed by us.
The law provides the manner of and requisites to perfecting an appeal, and while courts always favor appeals, the rights of the appellee must also be protected. One of the requirements essential to an appeal is a legal bond. There is none in this case.
Our first impression was to remand the case again for the record to be completed in accordance with our former instructions, but we have no way of knowing that they would be followed. They were simple and clear and appellant did not see fit to comply with them. There must be an end to litigation at some time and appellee cannot be forever kept in court by appellant's failure to properly and legally complete a record, even though the fault originally was not with appellant.
The appeal is therefore dismissed with costs. *Page 733