This matter came before us on motion to dismiss the appeal for the reason that although *Page 30 
the appeal was taken at a term of court subsequent to that during which the judgment appealed from had been rendered, citation of appeal was not prayed for, issued or served. We dismissed the appeal on that ground. Appellant filed application for rehearing and also a motion to transfer the appeal to the Supreme Court on the ground that, because of the amount involved, the Supreme Court, and not this court, has jurisdiction to entertain the appeal. This motion to transfer is based on Section 1 of Act 56 of 1904, as amended by Section 1 of Act 19 of 1912, and now appears as Section 1427 of Dart's Louisiana General Statutes; which section, in part, reads as follows: "Transfer of cases to appellate court having jurisdiction. — In any case otherwise properly brought up on appeal to the Supreme Court, or to any of the courts of appeal throughout the state, the judges of said courts shall have the right, in cases where the appellant or appellants shall have appealed to the wrong court, to transfer said case to the proper court instead of dismissing the appeal, and the court to which said cause shall have been transferred, will proceed with the same in the same manner as if said case had been originally appealed to the proper court. * * *"
[1] The suit seeks specific performance of a contract for the sale of real estate for the price of $7,800. It is therefore obvious that this court would have had no jurisdiction to consider the matter had it been "otherwise properly brought up on appeal." See Constitution of 1921, art. 7, §§ 10-29.
[2, 3] While it is true that the statute relied on gives this court the right, where the matter has been appealed to the wrong court, to transfer it, that right comes into being only "in any case otherwise properly brought up on appeal * * *." We take this to mean that before we are empowered to examine into the subject matter of the litigation to determine whether we have jurisdiction to entertain the appeal, we must first ascertain that the matter has been "otherwise properly brought up on appeal"; that all preliminary steps which are essential to the perfecting of an appeal have been taken. One of these steps, as we said in our first opinion, is the issuance of citation. Until that is issued there is no perfected appeal before us, and we are bound to dismiss it; not because the subject matter is not within our jurisdiction, but because there is no appeal at all. Soniat v. Clesi, 165 La. 426,115 So. 644, is not authority to the contrary. Quite the reverse — there it was merely held that although to some extent there is discretion in an appellate court to determine which appeal should be dismissed and which transferred, the appellate courts may not, pretending to exercise that discretion, actually look into the merits of a controversy not otherwise within their jurisdiction.
[4] Under that decision our refusal to transfer is subject to review by the Supreme Court.
The rehearing is refused and the motion to transfer is deni.
Rehearing refused.
Motion to transfer to Supreme Court denied.