PER CURIAM.
Appellees move to dismiss this appeal on the ground that a note of evidence and two records of the Civil District Court for the Parish of Orleans, which were offered in *840 evidence, are not included in the transcript which has 'been lodged in this Court by appellant.
Appellant, in answer to the motion to dismiss the appeal avers that the omitted note of evidence and the omitted records are entirely unnecessary, but that, nevertheless, they will be filed as soon as the records can be copied in the office of the Clerk of the Civil District Court, and appellant further 'avers that an additional twenty days will be required for the copying of those records and the preparation of the note of evidence which has been omitted.
Counsel for appellant directs our attention to Section 4433, Title 13, Louisiana Statutes Annotated — Revised Statutes, reading as follows:
“Dismissal of appeal for informalities; opportunity to cure
“Whenever an appellant files an incomplete transcript, or files the transcript or a further application for an extension, within three judicial days after the return day¡, or omits to file as, part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the clerk of court or of the trial .judge, or for any purely .technical reason, a motion to. dismiss his appeal is filed either by an appellee, third .person or intervener, charging-and setting forth as grounds for dismissal any of the above reasons, no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and -complained of in the motion to dismiss. Such appellant, before' the date on which the motion to dismiss is fixed for trial, may cure and correct any objection, irregularity or informality charged or alleged to exist in the motion to dismiss, and if it appears to the appellate court that he has done so, the motion to dismiss shall be denied.”
Counsel for appellees, in the motion to dismiss the appeal, avers that the omission of the note of evidence and the omission of the two records of the Civil District Court was intentional on the part of counsel for appellant.
We think it unnecessary to determine whether the omission was intentional in view of the fact that counsel for appellant states in his answer to the motion to dismiss the appeal that he will “cheerfully” -file the omitted note of evidence and the omitted records as soon as the copies can be prepared.
Since the omitted portions of the transcript consist in part of two records of the Civil District Court, which counsel says must be copied, it is obvious that the omitted portions cannot be filed within the “two additional days” allowed -by that section of the Revised Statutes above quoted. We have decided to reach no definite conclusion on the motion to dismiss the appeal at this time but to hold the same in abeyance for twenty days within which delay appellant will be afforded an opportunity to file the omitted portions of the transcript.
Motion to dismiss the appeal held in abeyance.