ELLIS, Jr., Judge.
This suit seeks the annulment of a written lease. An exception of.no right and no cause of action was filed, overruled, and an answer filed by the defendant in which it reconvened for damages.' The case was fixed for a trial on the merits for January 20, 1954, the plaintiff presented its case, and counsel for defendant stated that he had no .witnesses in court but would be ready to present his case at a later date provided he were given reasonable notice so he could have his witnesses, who were nonresidents, summoned. On May 18, 1954 plaintiff by oral motion assigned the case for completion for June 30, 1954, and on that date counsel for defendant requested a continuance, which was refused by the lower court upon the ground that insufficient cause was given. The case was then concluded, the defendant offering certain documentary evidence and judgment was rendered against the defendant, cancelling the lease, and from this judgment defendant perfected an appeal, furnishing bond and filing fees.
The plaintiff-appellee has filed a motion to dismiss the appeal for the reason that the record as forwarded from the Clerk of -Court of the District-Court does not contain the transcript of testimony.
The defendant-appellant has filed an application for Writ of Mandamus to the trial Court and to the plaintiff, seeking an order commanding both to complete the record by filing the note of evidence. Both the plaintiff and the lower court filed answer and opposition to the application for. the writ.
The application for the writ alleges that although the evidence was taken, the transcript of the testimony has not been placed in the record. The reason it has not been filed appears from a letter from the Cotirt Stenographer,- copy of which is attached1 to the application, which states she will hold the testimony in her possession and not file it in the record until it is paid for in full; that the plaintiff has paid half the costs according to the rules of the Twenty-third Judicial District Court, ■ but that the remainder is unpaid and she will not file it without Court order or payment. This letter was in answer to a letter from the Clerk of the District Court requesting the stenographer to file the transcript of testimony.
■ Regardless, of why the record, as filed in this Court, is incomplete, it is clear that the lower court is, under’ our jurisprudence, divested of taking any further action in this cause since an appeal has been perfected, except the right to test the sufficiency of the appeal bond as of the date it was filed. This is well established as evidenced in Gulf States Finance Corporation v. Colbert, 223 La. 743, 66 So.2d 793, holding:
“When devolutive appeal was granted and perfected by filing appeal bond, jurisdiction immediately vested in Court of Appeal and remained vested until appeal was disposed of in some manner and district court was divested of jurisdiction and had no author-* ity to take any step in the case except to test the sufficiency of the bond and forward transcript to proper appellate court.”
*886 Also see Wainwright v. Wainwright, 221 La. 787, 60 So.2d 410; Felder v. Springfield Farmers’ Co-op. Ass’n, Inc., La.App., 29 So.2d 547; Vaughn v. American Bank & Trust Co., 223 La. 479, 66 So.2d 4.
Aside from the fact that the District Court can take no further action herein,'it is' also firmly established that the duty of filing the complete record in this Court is that of the District Clerk of Court. This feature will he discussed later but it is. mentioned here since it follows that no writ should issue commanding the plaintiff to produce the testimony unless it be shown that the plaintiff is wrongfully withholding its production.
The writ is denied.
The motion to dismiss this appeal is predicated upon the fact that the transcript of testimony is not included in the record, the reason for this absence being set forth hereinabove.
It is now clear that when an appellant takes an order of appeal to the Court of Appeal, files his bond timely and deposits costs of the appeal, it then becomes the duty of the Clerk of the District Court to transmit the record to the Clerk of the Court of Appeal. We discussed this question in Vinyard v. Stassi, La.App., 152 So. 161, and in Sirone v. Distefano, La.App., 67 So.2d 150, where we overruled a motion to dismiss an appeal and set forth the duties of the Clerk of the District Court, citing authorities. The preparation of the record and the filing of it is the duty of the Clerk rather than that of the appellant. This being so, if the record is incomplete through no active fault of the appellant, he should not be penalized for it. Green v. Connell, La.App., 193 So. 255. This duty is so firmly established that our jurisprudence is replete with cases where motions to dismiss an appeal were refused where the transcripts were not timely filed here.
Under Article 898 of the Louisiana Code of Practice an appellant is granted a reasonable time to correct incomplete records, “either through mistakes or omissions, or from the clerk having failed to certify the copy as containing all the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant * *
The application of this rule is discussed in Vaughn v. American Bank & Trust Co., La.App., 71 So.2d 644, 646:
“The jurisprudence of this court appears to be well established and settled on the question presented in this case. In the case of Succession of Bickham, La.App., 197 So. 924, 925, lays down the following rule:
“ Where the appellant secures an order of appeal, files his bond and deposits the necessary filing fee for the appeal with the clerk of the district court from which the appeal is taken, it then becomes the duty of the clerk of the district court to transmit the original record in the case, together with a part of the filing fee, to the clerk of the court of appeal, and in the absence of some showing to the effect that a failure to file the transcript in time is due to some fault on the part of the appellant or his attorney, the appeal will not be dismissed for a failure-of the clerk of the district court to file the transcript on or before the return date of the appeal.’ (Emphasis ours.)'
“This rule appears to be consistently-followed by this court and again in the case of Pedersen v. Capitol Stores, Inc., La.App., 4 So.2d 16, a motion to. dismiss an appeal was sustained in this, case where it appeared that the transcript of appeal was not filed in this, court on or before the. return day because the record was taken from the-office of the Clerk of the District Court by counsel for appellant and it. was impossible to prepare the tram-script of appeal and file same with this, court and that failure to file the transcript within the return date did not result from any fault of the Clerk, but to the contrary was a result of the-fault of counsel for the appellant.
*887 “It is to be observed in the case at, bar that the transcript of appeal was not filed in this court until approximately two years after the expiration of the return date fixed by the District Court, that is August 28, 1951. This failure to file the transcript of appeal certainly was not the fault of the Clerk of the District Court, but was due primarily to the fault or actions of the appellant and his counsel. The actions of counsel for appellant in moving the District Court to rescind the order of appeal to this court and his motion for a devolutive appeal to the Supreme Court of Louisiana and the forwarding of the transcript of appeal to the Supreme Court rather than to this court is conclusive proof in our opinion that the failure to file the transcript of appeal in this court was due to the fault and actions of counsel for the appellant and not to the Clerk of the District Court. In our opinion this action on the part of counsel for appellant in substance constituted an actual and legal abandonment of his appeal to this court. The actions of counsel for appellant made it impossible for the Clerk of the District Court to prepare and file the transcript in this court on or before the return date.”
Also under Louisiana Statutes Annotated — Revised Statutes, 13:4433, “ * * * no appellate court shall maintain said motion to dismiss, or dismiss the appeal, unless it first allow to the appellant at least two additional days, exclusive of Sundays and holidays, to cure and correct any and all the informalities and irregularities alleged and complained of in the motion to dismiss. * * * ”
In Levenson v. Chancellor, 58 So.2d 839, the Court of Appeal of Orleans, in applying the above Revised Statutes, gave an appellant twenty days in which he would be afforded an opportunity to file omitted portions of a transcript.
The Legislature has shown its intention that a suit should not be dismissed because of an incomplete transcript having been filed in the Court of Appeal, but that rather an. opportunity should.be afforded for its completion. Our previous Act upon this subject was Act No. 234 of 1932, and a discussion of the intention.of the law makers is found in Serpas v. Trebucq, La.App., 1 So.2d 346.
.It is too well founded in our law to require citations that appeals are favored and aided by the courts and will not be lightly dismissed.
In the present case the testimony was taken. It is not a case like that presented in Campbell v. Marshall, 28 So.2d 296, where the Court of Appeal, Second Circuit, found the motion to dismiss well founded for the reason that there was no evidence in the record, nor was there any showing of any attempt to procure the transcript, nor any explanation of its omission and the appeal.was dismissed. Here the absence of the evidence has clearly been caused by the fact that the court stenographer has not been paid for the testimony.
Louisiana Statutes Annotated— Revised Statutes 13:842 and 843 provide the manner in which a Clerk of a District Court may demand advance costs and accrued costs. Under these Statutes the plaintiff is primarily bound for costs until a final judgment.has been rendered in his favor. This being so, as well as the fact that the duty of forwarding a correct transcript rests upon the Clerk of the District Court, it is concluded that it is also his duty to exact the costs due from the plaintiff in order that the record might be completed.
The appellee relies upon a local Rule of Court which provides that each side shall pay the fees incurred for the taking of its evidence. This local rule cannot prevail as being contrary to the positive law upon the subj ect.
We find no fault upon the part of the appellant whereby we should deprive it of this right of appeal, and the motion to dismiss is overruled.
*888 In Gremillion v. Daigrepont, 43 So.2d 626, the Court of Appeal, Second Circuit, returned an incomplete record to the lower court for completion when a notice of evidence and the certificate by the Clerk of Court were not found therein.
It is therefore ordered that this record be returned to the District Court for the completion of the transcript by the filing of the testimony by the Clerk of Court and when completed the record be returned to this court