LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks the cancellation of a certain contract of lease which it had entered into with the defendant on the 9th day of December, 1949. The matter was before us previously on a motion to dismiss, see La.App., 75 So. 2d 884, and in compliance with our decree the entire record is now before us.
Before proceeding to a discussion of the evidence we will consider the exceptions of no right or cause of action filed by defendant and overruled by the trial judge. The petition discloses that the cancellation of the lease is sought on the following grounds:
1. That despite the fact that the lease provided for a monthly rental of $650, the defendant from August 15, 1952, until July 15, 1953, paid merely the sum of $600 per month.
2. That the rent for the month of August, 1953, was not properly paid.
3. That despite the provisions contained in the lease, the defendant failed to maintain the premises and appurtenances, particularly the boilers and hot water heaters.
4. That despite the provisions contained in the lease, the defendant failed to maintain certain furniture, fixtures and equipment.
5. That contrary to the terms of the lease and without the permission of the plaintiff, the defendant either rented or sub-let the leased premises to a third party.
A certified copy of the lease was annexed to and made a part of the petition. The basis for the exceptions appears to be the following clause therein contained:
“Should the Lessee at any time violate any of the conditions of this lease or discontinue the use of the premises for the purpose for which they are rented, or fail to pay the rent and other expenses assumed under this lease, *379 punctually at maturity, as stipulated, or upon the adjudication of Lessee in bankruptcy, the appointment of a receiver for Lessee or the filing of a bankruptcy, receivership or respite petition by the Lessee or upon Lessee’s suspension, failure or insolvency and should such violation continue for a period of sixty days after written notice Has been given Lessee, then the rent for the whole unexpired term of said lease shall without putting Lessee in default at once become due and exi-gible; and in such event Lessor shall have the option either at once to demand the entire rent for the whole term or to immediately cancel this lease without putting Lessee in default, Lessee to remain responsible for all damages or loss suffered by Lessor, Lessee hereby assenting thereto and expressly waiving the legal notices to vacate the premises.” (Emphasis supplied.)
From the above and foregoing it appears clear to us that as a condition precedent to filing suit (either to demand the entire rent or to cancel the lease), the.lessee'had to he notified in writing of the alleged violations and then be given a period of sixty days within which to correct the violations complained of. Nowhere in the petition do we find where the defendant was ever notified in writing of the acts constituting the alleged violations nor does it appear that the alleged violations continued for a period of sixty days after any type of notice to it.
It is elementary that documents annexed to a pleading and made a part thereof are considered as controlling the recitals of the pleading. See Ruiz v. American Trading Co., 167 La. 28, 118 So. 597. Here the allegations of the petition are not in accord with the .procedure and requirements of the lease itself and, therefore, the exception must be sustained.
For the reasons assigned the judgment appealed from is reversed and set aside and the plaintiff’s suit'is dismissed at its costs.
Judgment reversed.