92 So.2d 385

Dalton Joseph **THIBODEAUX**

v.

**PACIFIC MUTUAL LIFE INSUR-
ANCE CO.**

No. 42472.

Dec. 10, 1956.

Rehearing Denied Jan. 21, 1957.

Dubuisson & Dubuisson, Opelousas, for
defendant-appellant.

J. Minos Simon, Lafayette, for appellee.

SIMON, Justice.

As an outgrowth of this suit, judgment
in the trial court was rendered in favor
of plaintiff. Defendant orally moved for
and obtained a written order granting it a
suspensive appeal and, in the alternative,
a devolutive appeal, returnable to the First
Circuit Court of Appeal on the 20th day of
June, 1955, upon the defendant furnishing
bond with good and solvent surety in the
sum of $10,000 for the suspensive appeal
and $1,000 for the devolutive appeal. The
defendant complied with all preliminary
requirements to properly take an appeal,
including the furnishing of bond, perfecting
a suspensive appeal pursuant to the order
of the trial court.

However, instead of the record in its original form being lodged with the First Circuit Court of Appeal, a transcript of the record has been lodged in this Court, the suit given a number on our docket and set for trial before us on November 14, 1956, on which day the appellee filed a motion to dismiss the appeal on the ground that the appeal taken and perfected by appellant was returnable to the Court of Appeal, First Circuit, and not to this Court. For this reason, therefore, appellee contends that there is no proper appeal before us and that we should order its dismissal.

Appellant, in its answer to the motion to dismiss, contends that though the record has been lodged in the wrong appellate court, we should transfer said appeal to the Court of Appeal, First Circuit, under the statutory authority granted by LSA–R.S. 13:4441.

There is no dispute that the order of a suspensive and devolutive appeal was timely obtained and the suspensive appeal perfected by a compliance with all requirements of law.

The motion to dismiss this appeal is predicated solely upon the fact that the record has been inadvertently lodged in this Court instead of being lodged in the Court of Appeal, First Circuit, to which the order of appeal is made returnable, presenting the sole issue to be determined by us whether we should dismiss the appeal as moved for or transfer the record to the Court of Appeal, First Circuit.

LSA–R.S. 13:4441 is controlling here, the pertinent provisions reading as follows:

"In any case otherwise properly brought up on appeal to the Supreme Court, * * * the judges * . * * may, in cases where the appellant or appellants shall have appealed to the wrong court, transfer the case to the proper court instead of dismissing the appeal. * * *"

■■ As a general rule this Court will not lightly dismiss an appeal; but in the exercise of our discretion, vested in us by LSA–R.S. 13:4441, we may transfer the appeal to the court of proper jurisdiction, affording an appellant a limited time within which to bring before the proper tribunal the appeal so perfected. However, only when there has been an appeal properly brought before us are we given the statutory authority to exercise our discretion in transferring rather than dismissing said appeal.

Therefore, only when an appeal has been taken to this Court but fails to come within our prescribed constitutional jurisdiction can the statutory authority, so vested in us, to transfer said appeal to the proper tribunal be properly exercised.

■ In the instant case, the motion to dismiss does not present a question which

involves our constitutional jurisdiction. The order of the lower court, granting the appeal, directed said appeal returnable to the Court of Appeal, First Circuit, and not to this Court. Obviously, there being no suit properly brought up on appeal to us, we cannot exercise the discretion granted us by the statute to order this appeal transferred to the Court of Appeal, First Circuit.

For the reasons assigned, it is hereby ordered that the motion to dismiss the appeal be, and the same is sustained.

HAWTHORNE, J., absent.