TATE, Judge.
Our Supreme Court dismissed the appeal in this case on the ground that the order of the trial court authorized appeal to the Court of Appeal, First Circuit, rather than to the high court. 231 La. 617, 92 So.2d 385. The transcript of the appeal was then filed in this Court. The Supreme Court had specifically refused to transfer the appeal to the present appellate tribunal under LSA-R.S. 13 :4441 on the ground that, in the complete absence of an order of appeal to that tribunal, there was no appeal properly brought or pending before it.
Counsel for plaintiff-appellee argues most persuasively that this court also should dismiss this appeal, which was not filed in this court until January 24, 1957 (immediately after the Supreme Court denied re *184 hearing of its judgment dismissing the appeal therefrom), although the return date provided by the order of appeal to this court was June 20, 1955, and although on June 15, 1955, by written notice the counsel for the defendant-appellant was informed by the Clerk of the Supreme Court that the appeal had been filed and docketed therein.
The minutes of the trial court reflect that on April 28, 1955, by oral motion and order, an appeal was granted returnable to the Court of Appeal, First Circuit, on or before June 20, 1955. Requisite appeal bond per the order was filed on May 3, 1955.
As will shortly be seen, the Supreme Court rather than the present clearly had appellate jurisdiction of the matter, and both counsel frankly admit that until the case was called for argument before the high tribunal on November 14, 1956, they were under the impression that the appeal had been taken returnable to that court. It was at that time that diligent counsel for appellee, in reviewing the record to prepare his argument, discovered the minute entry indicating that the motion and order of appeal had been noted as to the present reviewing body rather than to the Supreme Court.
There is a complete lack of any showing as to whether the notation of appeal to the wrong court results from a “slip of the tongue” on the part of counsel for appellant or a “slip of the pen” on the part of the deputy clerk who made the notation for the minutes.
The law is well settled. The clerk of the trial court, and not the appellant, has the duty of filing the transcript of appeal in the courts of appeal; if the clerk fails to do so before the return date, the return date is automatically extended and the appeal will not be dismissed, Osborne v. Mossler Acceptance Corporation, 210 La. 1048, 29 So.2d 58, 59, Sirone v. Distefano, La.App. 1 Cir., 67 So.2d 150, Johnson v. Wyble, La.App. 1 Cir., 55 So.2d 711, “in the absence of some showing to the effect that a failure to file the transcript in timé-is due to some fault on the part of the appellant or his attorney ” Succession of Bickham, La.App. 1 Cir., 197 So. 924, 925. (Italics ours.)
The above italicized proviso is quoted with approval in Hotel Donaldson Co. v. Anderson Hotels, La.App. 1 Cir., 75 So.2d 884, 887, and in Vaughn v. American Bank & Trust Co., La.App. 1 Cir., 71 So.2d 644. In the Vaughn case, upon which appellee relies, the appeal was dismissed upon a showing that it was the incorrect motion of counsel for appellant (subsequent to the perfected appeal order) which had caused the appeal to be lodged initially in the Supreme Court and thus to be filed in this court long after the return day per the valid order or appeal.
The legal question before us is whether the appellant should be charged with fault and penalized by dismissal of his appeal for the failure to file his appeal herein until 18 months after the return date thereof, in the circumstances above outlined, and especially when he had received notice on June 15, 1955, that the appeal was filed in the Supreme Court (i. e., in the incorrect appellate tribunal as reflected by the minute entry of April 28, 1955).
Taking a realistic view of the circumstances of this case, it is apparent that the notification by the Clerk of the Supremé Court that the transcript was filed in that court before the return date of June 20, 1955, would not have put the appellant on notice that the appeal was filed in the wrong court, if the minute entry was the result of error on the part of the minute clerk in noting the wrong court when the counsel for appellant orally moved for appeal to the Supreme Court; in fact, such notification from the Clerk of the Supreme Court would instead reassure counsel that the appeal had been properly filed therein per counsel’s oral motion and the oral order, and before the return date.
Now whether the error reflected by the minute entry was the result of an inad *185 -vertence by counsel for the appellant or in■stead by the minute clerk, the record does -not show; and, in the apparent absence of .anyone’s memory as to the event, such allocation of fault is impossible to make.
We think that the repeated enunciation ■of the rule that there must be some "showing1'’ that the failure to file the transcript timely is due to the appellant’s fault before the case will be dismissed, see Bickham and other cases cited supra, indicates that an appeal will not be dismissed unless there is a positive showing that the delay is .attributable to fault on the appellant’s part. For instance, in Cotter v. Figaro, La.App. 1 Cir., 36 So.2d 291, the appeal bond was -marked by the deputy clerk of court as filed on two different dates, one before and one after the delay expired for perfecting ■the appeal. There was no showing as to which filing date was correct. Pointing out that appeals are favored, we sustained the appeal.
“In the present case, on the face of the record it is not evident that appellant should be charged with the tardy filing of the transcript. In such circumstances, this ■court has frequently held that the return ■day is automatically extended until the record does reach here,” Carter v. Chambers, La.App. 2 Cir., 5 So.2d 46, at page 48.
Being unable to say from the present -record whether the delay was due to inadvertence on the part of counsel or of the ■deputy clerk, we are unable to say that a -showing has been made that the error was •due to counsel for appellant so as to justify the harsh penalty of dismissal of this appeal. The record does not reflect why the .appeal was not filed in accordance with the order of appeal as noted; in a sense, counsel could reasonably expect that the appeal had been forwarded in accordance with the order of appeal as entered in the minutes ■and was not called upon to question its lodgment in the Supreme Court when he received notice thereof, especially under the •circumstances of this case.
As to the merits:
We are at once met with the situation that the amount in dispute clearly exceeds our jurisdictional limit of $2,000, Article 7, Section 29, Louisiana Constitution, LSA. The prayer is for monthly disability payments under an insurance contract of $200 per month for the rest of petitioner’s life, or so long as disabled, plus penalties- and attorneys’ fees, and at the time of judgment in April, 1955, the unpaid monthly installments alone to that date amounted to $7,200.
Even though there is some question as to appellate jurisdiction, the Supreme Court’s order remanding an appeal to a court of appeal is final, and the court of appeal in question must accept jurisdiction of the appeal. Beene v. Pardue, 226 La. 606, 76 So.2d 902, Ilardo v. Agurs, 226 La. 613, 76 So.2d 904. But the Supreme Court specifically refused to transfer the present appeal to this court. 231 La. 617, 92 So.2d 385. We apprehend the high court’s decision to be grounded upon the holding that in the absence of a perfected appeal to that court, it had no jurisdiction to consider the appeal, either to transfer it to this court under LSA-R.S. 13:4441 or (presumably) to enter an order fully dismissing the appeal also as to the court vested with initial appellate jurisdiction by a valid order of appeal duly perfected ,by the filing of bond.
Being unable to say that the delay and confusion in the appellate process arising in this case was due to fault on the part of counsel for appellant, and in deference to the long-established policy that appeals are favored in law, we will exercise our discretion under LSA-R.S. 13 :- 4441 to transfer this appeal to the court of proper appellate jurisdiction, the Supreme Court. We do this because we feel we are absolutely without constitutional authority to consider this appeal on the merits, although we fully sympathize with the urgent plea of the plaintiff-appellee, a disabled farmer, that by this action we are further delaying a final determination of the judgment awarding him disability payments, the *186 execution of which has already been suspended over eighteen months through no fault of plaintiff-appellee. But we cannot render judgment on the merits, and should we exercise our discretion and dismiss the appeal to avoid further temporary hardship to the plaintiff, we would deprive appellant of its day in court to question this award of $200 per month to the 33-year-old appellee for the rest of his life, when likewise the delays and confusion are not shown to be the fault of defendant-appellant.
For the foregoing reasons the appeal is ordered transferred to the Honorable the Supreme Court of Louisiana, and defendant-appellant is allowed 30 days from the date of finality of this judgment in which to perfect the appeal by filing proper transcript in said court; otherwise the appeal shall be considered as dismissed. Defendant-appellant to pay the cost of this appeal.