HAWTHORNE, Justice.
Appellee has filed a motion to dismiss the appeal in this case on the ground that the transcript was not timely filed in this court.
On May 2, 1957, the Court of Appeal, First Circuit, being of the view that it was. without appellate jurisdiction, ordered the appeal transferred to this court. 95 So.2d 183, 186. The decree of the Court of Appeal reads as follows:
“* * * thg appeal is ordered transferred to the Honorable the Supreme Court, of Louisiana, and defendant-appellant is allowed 30 days from the date of finality of this judgment in which to perfect the appeal by filing proper transcript in said court; otherwise the appeal shall be considered as. dismissed.” (Italics ours.)
After that judgment was rendered, both appellant and appellee timely filed applications for rehearing, and on June 4, 1957, the-Court of Appeal denied both applications.
Defendant-appellant caused the transcript to be filed in the Supreme Court on July-24, 1957. The question for our consideration is whether the appeal was lodged in this, court within 30 days from the date of the-finality of the judgment of the Court of Appeal ordering it transferred here.
It is appellee’s position that the period of time which appellant had to file the transcript in the Supreme Court was 30 days from the date on which a rehearing was denied by the Court of Appeal. We do not think this position is well taken.
Article 7, Section 11, of our Constitution provides:
*807 “It shall be competent for the Supreme ■Court to require by writ of certiorari, or ■otherwise, any cases to be certified from the Courts of Appeal to it for review, * * * provided, however, that the Supreme Court shall in no case exercise the power conferred by this Article unless the application shall have been made to the court or to one of the justices thereof within thirty days after a rehearing shall have been refused by the Court of Appeal; and provided further, that the judgment of the Court of Appeal shall not become executory until the expiration of thirty days; or, in cases in which application is made for the writ of review, or other writs, until the decision of the Supreme Court upon the application shall have become final.”
Under this constitutional provision the parties to this suit had 30 days from the date of the refusal of a rehearing to apply to this court for a writ of certiorari, during which time the judgment of the Court of Appeal did not become executory or final. According to the judgment of the Court of Appeal the appellant was allowed 30 days from the finality of its judgment in which to perfect the appeal by filing the transcript in this court. The filing of the transcript here on July 24, 1957, was within the 30-day period allowed by the judgment and hence was timely.
For the reasons assigned the motion to dismiss is denied. Costs of this motion are to be paid by appellee Dalton Joseph Thibodeaux.