LOTTINGER, Judge.
This is a suit by Louisiana State Board of Medical Examiners against Eileen B. McAvoy. The petitioner seeks an injunction prohibiting defendant from the practicing of medicine without first obtaining a certificate or permit under the provisions of LSA-R.S. 37:1270, as well as penalties for the alleged unlawful practice of medicine contrary to the provisions of said statute. The Lower Court awarded judgment in favor of petitioner granting an injunction, and the defendant has appealed to the Supreme Court. For some unknown reason, the appeal was lodged with this Court.
At the trial below, all evidence was submitted by stipulation of both counsel. The transcript shows that when the Lower Judge ruled in favor of the petitioner, the defendant asked for, and was granted, both a suspensive and devolutive appeal to the Supreme Court. As stated before, instead of being lodged with the Supreme Court the appeal was lodged with this Court. Subsequently, the petitioner filed a motion in this Court to dismiss the appeal because the transcript was not filed within the delay granted by the Lower Court. In its brief to this Court, the defendant suggested that this appeal should be transferred to the Supreme Court of the State of Louisiana, in accordance with the order of the Lower Court. In brief, the petitioner still maintains that the appeal should be dismissed because the transcript was not timely lodged, or in the alternative, that the judgment of the Lower Court should be affirmed.
*234 While not going into the merits of the matter, it appears to this Court that we have no jurisdiction over this appeal, although same was lodged with us. In Thibodeaux v. Pacific Mutual Life Insurance Co, 231 La. 617, 92 So.2d 385, 386, the Lower Court awarded a judgment in favor of petitioner. The defendant moved for an appeal returnable to the First Circuit Court of Appeal, however, the appeal was lodged with the Supreme Court. The appellee contended that there was no proper appeal before the Supreme Court and that same should be dismissed. The appellant, on the other hand, contended that the record had been lodged in the wrong appellate Court, and the appeal should be transferred to the proper Court under the provisions of LSA-R.S. 13:4441. The Supreme Court in that case said:
“As a general rule this Court will not lightly dismiss an appeal; but in the exercise of our discretion, vested in us by LSA-R.S. 13:4441, we may transfer the appeal to the court of proper jurisdiction, affording an appellant a limited time within which to bring before the proper tribunal the appeal so perfected. However, only when there has been an appeal properly brought before us are we given the statutory authority to exercise our discretion in transferring rather than dismissing said appeal. * * *
“ * * * The order of the lower court, granting the appeal, directed said appeal returnable to the Court of Appeal', First Circuit, and not to this Court. Obviously, there being no suit properly brought up on appeal to us, we cannot exercise the discretion granted us by the statute to order this appeal transferred to the Court of Appeal, First Circuit. * * * ”
Under its holding, the Supreme Court sustained the appellee’s motion to dismiss the appeal.
Subsequently, in the same case, the appeal was lodged with this Court, as per our opinion appearing in 95 So.2d 183, 185, through Judge Tate, we said:
“ * * * But the Supreme Court specifically refused to transfer the present appeal to this court. 231 La. 617, 92 So.2d 385. We apprehend the high court’s decision to be grounded upon the holding that in the absence of a perfected appeal to that court, it had no jurisdiction to consider the appeal, either to transfer it to this court under LSA-R.S. 13:4441 or (presumably) to enter an order fully dismissing the appeal also as to the court vested with initial appellate jurisdiction by a valid order of appeal duly perfected by the filing of bond. * * * ”
We held that we had no jurisdiction over the appeal and then transferred the matter to the Supreme Court under the provisions of LSA-R.S. 13:4441. The matter subsequently reappeared before the Supreme Court, as reported in 233 La. 804, 98 So.2d 195, wherein the Supreme Court refused to dismiss the appeal because same was not timely filed.
Under the authority of the Thibodeaux case, as above recited, it appears that we have no jurisdiction to entertain this appeal. The appeal was made and granted to the Supreme Court, although same was erroneously lodged with this Court. As we have stated before, the transcript clearly shows that the defendant requested an appeal to the Supreme Court and the Court granted an appeal to the Supreme Court. For some reason the minutes of the Court show that this appeal was granted to the Court of Appeal, however, as there is a conflict between the transcript and the minutes, we believe that the transcript must take precedence, and in accordance with the holdings of the Thibodeaux case, we have no alternative but to dismiss the appeal before us.
*235 For the reasons assigned, it is ordered that this appeal be, and the same is hereby, dismissed, all costs of this appeal to be paid by defendant.
Appeal dismissed.