LOTTINGER, Judge.
This is a suit for property damages caused by the digging of a drainage ditch across the property of petitioner, Eraste Bernard, without the consent of petitioner. The defendants are Grimmett and Janes, a commercial partnership, Grimmett, Janes and Traylor, Inc., a Louisiana corporation, and the State of Louisiana, through the Department of Public Works, and the Police Jury of the Parish of Lafayette, Louisiana. The petitioner claims damages in the amount of $4,000, with 5% interest per annum from date of judicial demand until paid, and all costs.
After trial on the merits, the Lower Court awarded judgment in favor of petitioner and against the State of Louisiana, through the Department of Public Works, in the amount of $830, and dismissed the suit as against the other defendants. Subsequent to the said judgment the defendant obtained an order of devolutive appeal to the Court of Appeal, Third Circuit, State of Louisiana, and said appeal has been lodged with this Court. Subsequently thereto, we have received a motion by the defendant wherein defendant seeks to have the appeal transferred to the Supreme Court of the.State of Louisiana. By letter from the attorneys for petitioner dated March 5, 1959 the petitioner agrees that the appeal should have been lodged with the Supreme Court of the State of Louisiana, and consents to the transfer as moved by defendant. It appears that the proper Court to hear this appeal is the Supreme Court of the State of Louisiana because of the amount in dispute.
The appeal as requested by defendant, and as granted by the Lower Court, was made returnable to the Court of Appeal, Third Circuit, State of Louisiana. It appears that the appeal was thus granted because of Act 561 of the Louisiana Legislature of 1958 (Const, art. 7, LSA), which provides for certain changes in appellate jurisdiction as well as certain changes in the appellate Court setup in this State. However, the provisions of said Act, as set forth by Section 30 thereof, do not go into effect until July 1, 1960, and any appeals granted prior to said date shall be made returnable to the appellate Court to which the appeal would properly lie pursuant to the Constitution and laws of the State of Louisiana prior to the effective date of the said Amendment. At the present time, there is no Third Circuit Court of Appeal in the State of Louisiana, and under the appellate jurisdiction, as aforesaid, the appeal should have been made to the Supreme Court. Although the defendant *864 lias requested that we transfer the appeal to the Supreme Court and the petitioner has agreed to said transfer, under the laws and jurisprudence of this State, we are powerless to do so. In our recent decision in the matter entitled Louisiana State Board of Medical Examiners v. McAvoy, La.App., 110 So.2d 233, a similar situation was before this Court. In said opinion, citing Thibodaux v. Pacific Mutual Life Insurance Company, 231 La. 617, 92 So.2d 385, 386, we said:
“As a general rule this Court will not lightly dismiss an appeal; but in the exercise of our discretion, vested in us by LSA-R.S. 13:4441, we may transfer the appeal to the Court of proper jurisdiction, affording an appellant a limited time in which to bring before the proper tribunal the appeal so perfected. However, only when there has been an appeal properly brought before us are we given the statutory authority to exercise our discretion in transferring rather than dismissing said appeal.” (Italics ours.)
In the Louisiana State Board of Medical Examiners case, we held that the appeal had been improperly made to this Court. In that case the appeal was made and granted to the Supreme Court, although it was erroneously lodged with this Court. Under the authority of the Thibo-daux case, we held that we were unable to transfer the appeal to the Supreme Court because the appeal was improperly before this Court and we had no jurisdiction over the matter. A similar situation prevails in the present suit, wherein the appeal was made to the Third Circuit Court of Appeal of the State of Louisiana which is yet non-existent for the purpose of appeal, and we are certainly unable to transfer this appeal to the Supreme Court. We therefore have no alternative but to dismiss the appeal which is before us.
For the reasons hereinabove assigned, this appeal will be dismissed.
Appeal dismissed.