ON REHEARING
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
In an opinion rendered on March 10, 1976 we dismissed plaintiff’s appeal in this matter on the grounds that it is a criminal proceeding of which the Supreme Court of Louisiana has exclusive appellate jurisdiction. Subsequently, we granted plaintiff’s application for a rehearing, limited to the question of whether the appeal should be transferred to the Supreme Court, rather than be dismissed.
LSA-C.C.P. Article 2162 provides:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.
“If an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court, upon such terms and conditions as it may prescribe. If an appeal is transferred to the supreme court in error, the supreme court may transfer of retransfer it to the proper court.”
LSA-R.S. 13:4441 also provides that when an appeal is taken to an appellate court having no jurisdiction thereof, the court “may” transfer it to the court having jurisdiction, instead of dismissing the appeal.
Jurisprudence under these statutory provisions has established the general rule that an appeal should be transferred, rather than dismissed. Soniat v. Clesi, 165 La. 426, 115 So. 644 (1928); Smith v. Atkins, 37 So.2d 384 (La.App.2d Cir. 1948); Thibodeaux v. Pacific Mutual Life Insurance Company, 231 La. 617, 92 So.2d 385 (1957); Bernard v. Grimmett & James, 111 So.2d 862 (La.App.1st Cir. 1959); United States Fidelity & Guaranty Company v. Aetna Casualty & Surety Company, 293 So.2d 197 (La.App.2d Cir. 1974).
Although this matter involves a bond forfeiture which occurred in 1969, we now conclude that instead of dismissing the appeal we should transfer it to the Louisiana Supreme Court.
For the reasons assigned, our original opinion in this matter is amended so as to transfer this appeal to the Louisiana Supreme Court, instead of dismissing it.
APPEAL TRANSFERRED TO LOUISIANA SUPREME COURT.